# EXHIBIT 1

Il Law Division initial Case Management Dates will be heard via ZeOOM Sion Jury
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
emote Court date: 5/1/2023 9:30 AM

Firm ID. #62848

FILED
2/27/2023 12:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L002009
Calendar, I
21635001

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| STANFORD HEALTH CARE, a California not-for-profit healthcare corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2023 L XXXXX |
| | ) | COMMERCIAL CALENDAR |
| v. | ) ) | |
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co. d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and BLUE CROSS AND BLUE SHIELD OF TEXAS; and DOES 1 THROUGH 25, INCLUSIVE, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFF STANFORD HEALTH CARE'S COMPLAINT AT LAW

1. Plaintiff, STANFORD HEALTH CARE, a California not-for-profit (hereinafter "Plaintiff" or "STANFORD"), by and through its attorneys, LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, for its Complaint at Law ("Complaint") against HEALTH CARE SERVICE CORPORATION d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and BLUE CROSS AND BLUE SHIELD OF TEXAS, on behalf of itself and its Affiliates, (hereinafter "HCSC"), and DOES 1 THROUGH 25, INCLUSIVE, upon personal information as to their own activities and upon information and belief as to the activities of

Firm ID. #62848

others and all other matters, and states as follows:

## INTRODUCTION

2.     This is an action against HCSC for breach of implied-in-fact contract

and *quantum meruit* arising from a business relationship between STANFORD and

HCSC.  By this action, STANFORD seeks compensatory damages, interest, and

attorney's fees and costs.

## PARTIES

3.     STANFORD, a California not-for-profit healthcare corporation, is

organized and existing pursuant to the laws of the State of California.

STANFORD has its principal place of operation in the community of Stanford,

County of Santa Clara, State of California, and is incorporated in the State of

California.

4.     HCSC is a domestic insurance company, incorporated in the state of

Illinois with its principal office located in Chicago, Illinois.  HCSC is registered

with the Illinois Department of Insurance with an active status.  HCSC has a

registered agent in the City of Chicago, County of Cook, and State of Illinois.

5.     STANFORD is unaware of the true names and capacities, whether

Firm ID. #62848

corporate, associate, individual, partnership or otherwise of defendants DOES 1

through 25, inclusive, and therefore sues such defendants by such fictitious names.

STANFORD will seek leave of the Court to amend this Complaint to allege its true

names and capacities when ascertained.

6.     HCSC and Does 1 through 25, inclusive, shall be collectively referred

to as "HCSC" or "Defendants."

7.     Defendants, each of them, at all relevant times, have transacted

business in the State of Illinois.  The violations alleged within this Complaint have

been and are being carried out in the State of Illinois.

8.     STANFORD is informed, believes and thereon alleges that, at all

relevant times, each of the Defendants, including the defendants named "Doe,"

was and is the agent, employee, employer, joint venturer, representative, alter ego,

subsidiary and/or partner of one or more of the other defendants, and was, in

performing the acts complained of herein, acting within the scope of such agency,

employment, joint venture, or partnership authority, and/or is in some other way

responsible for the acts of one or more of the other defendants.

## JURISDICTION AND VENUE

Firm ID. #62848

9.      Jurisdiction over this matter exists under 735 ILCS 5/2-209 because

HCSC is a resident of the State of Illinois, has a registered agent in the State of

Illinois, transacts business in Illinois, is licensed with the State of Illinois

Department of Insurance and because HCSC's making and performance of the

transactions, and the implied-in-fact contracts at issue are substantially connected

with the State of Illinois.

10.     Venue is proper in the Circuit Court of Cook County pursuant to 735

ILCS 5/2-101 and 5/2-103 because it is the county in which the transactions occur

out of which the cause of action arises.

## FACTUAL BACKGROUND

11.     STANFORD, between the dates of March 1, 2018 and June 24, 2022

provided medically necessary treatment to the individuals identified on the

spreadsheet attached as Exhibit A[1] to this Complaint (and which is incorporated

herein by this reference as though set forth in full) (the "Patients") totaling ninety-

two (92) claims.

---

[1] STANFORD has limited disclosure of patient identification here pursuant to the privacy
provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§
1320 *et seq.*, General Information Privacy Act, 410 ILCS 513/15 – 50; and General
Administrative Order 18-1.

Firm ID. #62848

12.    STANFORD is informed and believes and thereon alleges that at all relevant times Patients were enrollees and/or beneficiaries of health plans sponsored, financed, administered, and/or funded by HCSC.

13.    Prior to the dates of service set forth in Ex. A, STANFORD sought and received authorization for treatment from HCSC.  HCSC gave authorization reference numbers and approved the medically necessary services rendered to Patients, and HCSC approved admission of the Patients.

14.    On the dates of service set forth in Ex. A ("the Dates of Service"), STANFORD rendered medically necessary services, supplies and/or equipment to Patients until Patients became stable for discharge from STANFORD.

15.    STANFORD is informed and believes and thereon alleges HCSC is financially responsible for the medically necessary services, supplies, and/or equipment (including, but not limited to, emergency care) rendered to the Patients on the Dates of Service.

16.    STANFORD's usual and customary charges for the medically necessary services, supplies and/or equipment rendered to Patients amounted to $19,827,595.29.

Firm ID. #62848

17.     STANFORD timely and properly submitted the bills containing said charges for the medically necessary services, supplies, and/or equipment rendered to Patients to HCSC for payment.

18.     Rather than properly pay STANFORD at the discounted rates found within the Contract for the medically necessary services, supplies, and/or equipment STANFORD rendered to the Patients, HCSC only paid $2,090,321.80.

19.     HCSC failed to pay fully and properly STANFORD for the medically necessary services, supplies, and/or equipment rendered to Patients, despite demands thereof.

20.     HCSC received premium payments for Patients' enrollment and coverage in HCSC's respective health plans.

21.     As a direct and proximate result of HCSC's wrongful conduct, STANFORD has suffered damages in an amount to be proven at trial but not less than the sum of $4,718,844.10 exclusive of interest.

## COUNT I – BREACH OF IMPLIED-IN-FACT CONTRACT

(Against Defendant HCSC and DOES 1 through 25, inclusive)

22.     This action is founded upon a written contract (the "Contract")

Firm ID. #62848

effective September 8, 2014 between STANFORD and Anthem Blue Cross (d.b.a.

Blue Cross of California and affiliates) — a non-party to this action. Among other

things, the Contract obligated STANFORD to medically treat individuals who

were certain beneficiaries of non-Anthem Blue Cross health plans. Specifically,

the Contract obligated STANFORD to medically treat individuals belonging to

health plans financed, sponsored, and/or administered by member companies

belonging to the national Blue Cross Blue Shield Association of which HCSC is

one such member.

23.     Although HCSC was not a signatory to or obligee of the Contract, the

Contract nonetheless bound STANFORD to treat HCSC's beneficiaries. The

Contract also obligated STANFORD to accept as payment in full monies received

from Blue Cross Blue Shield Association member companies (such as HCSC) that

were made at the discounted rates found within the Contract.

24.     STANFORD incorporates by reference and re-alleges paragraphs 1-29

of this Complaint here as though set forth in full.

25.     At all relevant times, the Contract between STANFORD and Anthem

Blue Cross bound STANFORD to treat beneficiaries not only of health plans

---

Firm ID. #62848

financed, sponsored, and/or administered by Anthem Blue Cross, but also for

beneficiaries of health plans financed, sponsored, and/or administered by member

companies of the national Blue Cross Blue Shield Association. One such member

company of said association is HCSC. Thus, even though HCSC never signed the

Contract nor is obligated under the Contract, STANFORD must nevertheless

medically treat HCSC members and accept payment, in full, from such member

companies, with the payment received conforming to the rates found within the

Contract.

26. All HCSC needed do to take advantage of such medical treatment and

discounted rates on behalf of its members/beneficiaries was to issue a "Blue Card"

program identification card. The members/beneficiaries could then present their

"Blue Card" program identification card to STANFORD at admission, which

signaled to STANFORD that it must medically treat such patient pursuant to the

terms of the Contract and must accept payments at the discounted rates found in

the Contract even though HCSC was not a signatory to the Contract. Otherwise,

STANFORD would be in violation of its duties owed to Anthem Blue Cross.

27. In this way — by conduct alone and with no express agreement

Firm ID. #62848

between them — an implied-in-fact contract arose between STANFORD and HCSC each time one of the Patients presented to STANFORD their BCBS-issued "Blue Card" program identification card and/or otherwise identified themself as being a member/beneficiary of a health plan financed, sponsored, and/or administered by a member company of the national Blue Cross Blue Shield Association.

28. Each of the Patients specified in Exhibit A presented a "Blue Card" program identification card issued by HCSC and/or otherwise identified themself as belonging to a health plan financed, sponsored, and/or administered by HCSC at the time of their hospital stay at STANFORD on the Dates of Service.

29. Accordingly, each time one of the Patients sought medical treatment at STANFORD and so identified themself, an implied-in-fact contract arose in which STANFORD agreed to render to that Patient all medically necessary services, supplies, and/or equipment needed by that individual and secondarily agreed to accept as payment, in full, monies received from HCSC that were in conformance to the discounted rates found in the Contract. In return, HCSC agreed to pay for such care, albeit at the appropriate discounted rate regarding such

Firm ID. #62848

care.

30.    STANFORD's usual and customary charges for rendering the

medically necessary services, supplies, and/or equipment to the Patients set forth in

Exhibit A, amounted to $19,827,595.29.  At the rates found within the Contract,

HCSC should have paid an aggregate amount of $6,809,165.90.  However, HCSC

only paid $2,090,321.80, leaving a deficit of $4,718,844.10, amounted to a breach

of its implied-in-fact contracts with STANFORD.

31.    No express written contract between HCSC and STANFORD existed

to prescribe payment for the medically necessary services, supplies, and/or

equipment rendered to Patients and STANFORD did not perform those services

gratuitously.  Rather, HCSC knew and understood that STANFORD rendered such

treatment with the expectation of being paid the discounted rates under the

Contract and through the Blue Card program.

32.    Prior to the treatment rendered by STANFORD, through industry

custom and practice, HCSC impliedly agreed, promissorily impliedly expressed

and understood that STANFORD would render medically necessary care to HCSC

beneficiaries, submit bills for such care to HCSC, and that HCSC would pay the

Firm ID. #62848

discounted rates under the Contract to STANFORD for the necessary medical

treatment rendered to Patients, rather than Patients themselves (except for co-

payments, deductibles, and co-insurance amounts, in any).

33.    Specifically, prior to the dates that STANFORD admitted Patients to

its facilities for medical services, STANFORD contacted HCSC to verify Patients'

healthcare eligibility under a HCSC health plan, to obtain authorization from

HCSC for the medical services rendered and to be rendered, and to establish its

right to be paid by HCSC the discounted rates under the Contract for such care.  In

response, HCSC represented that Patients were beneficiaries of one of HCSC's

health plans, provided the authorization numbers incorporated in Ex A, and

approved admissions of the Patients.

34.    At no time did HCSC represent that it would not pay the discounted

rates under the Contract to STANFORD for the necessary medical treatment

rendered to Patients.

35.    Through STANFORD's treating the Patients, STANFORD's initiating

contact with HCSC as described above, and HCSC's instructing the Patients to

present their HCSC-issued "Blue Card" membership identification to

Firm ID. #62848

STANFORD, Plaintiff and Defendant entered into an implied-in-fact contract. The Contract was also formed through industry custom and practice, as well as Plaintiff and Defendant's prior and on-going course of conduct *vis-à-vis* the "Blue Card" program. Prior course of conduct included, among other things:

a) HCSC's issuance of identification cards to Patients;

b) HCSC's instructing Patients to present such identification cards to medical providers so as to give assurances to those medical providers that such care would be paid for;

c) STANFORD communicating with HCSC to ask for authorizations to render medical care to Patients and HCSC issuing authorizations to STANFORD for such care;

d) HCSC communicating to STANFORD the medical eligibility benefits for Patients without advising STANFORD that HCSC would not make full payment of the discounted rates under the Contract for the services to be provided to Patients;

e) HCSC sending written approvals to STANFORD for the specified medical services for Patients;

Firm ID. #62848

     f) HCSC requesting that STANFORD send HCSC clinical information and medical records.

36.    In addition, prior course of conduct by HCSC included STANFORD submitting claims to HCSC and in response, HCSC would properly pay the discounted rates under the Contract of those claims. Over the last five (5) years, STANFORD has billed numerous claims and HCSC has satisfactorily paid on a number of claims submitted by STANFORD in the near identical manner and method as the facts alleged herein.

37.    HCSC directly and deliberately benefited from those services by prompting, through its words and prior and ongoing conduct, and through the custom and practice in the healthcare industry, that STANFORD perform those services on Patients who were beneficiaries of HCSC, thus fulfilling HCSC's obligation to secure medically necessary healthcare for its beneficiaries. When Patients received those services, the express insurance coverage agreement made between HCSC and Patients was satisfied and HCSC was able to retain rightfully the premiums paid on behalf of Patients for enabling Patients to receive the medical care performed by STANFORD. Further, STANFORD directly conferred

Firm ID. #62848

a benefit upon HCSC because it allowed HCSC to make good on promises made to

HCSC's members/beneficiaries to arrange for them to receive timely medical care

at a first-rate medical facility.

38.     STANFORD provided medically necessary care to HCSC

beneficiaries as described above.

39.     STANFORD properly billed HCSC for the medically necessary

services provided to Patients as listed in Ex. A.

40.     HCSC breached the implied-in-fact contract by paying only

$2,090,321.80, resulting in an aggregate underpayment of $4,718,844.10 according

to the discounted rates under the Contact for the medical services performed by

STANFORD.

41.     STANFORD performed all conditions required on its part to be

performed in accordance with the terms and conditions of the implied-in-fact

contract.

42.     HCSC breached the implied-in-fact contract by underpaying

STANFORD for the medically necessary services, supplies and/or equipment

rendered or supplied to Patients.

Firm ID. #62848

43.    As a direct and proximate result of HCSC's breach of the implied-in-fact contract, STANFORD suffered damages in an amount to be proven at trial but not less than the sum of $4,718,844.10, exclusive of interest.

44.    WHEREFORE, STANFORD prays this Court enter judgment in its favor and against HCSC as follows:

a)  For the principal sum of $4,718,844.10;

b)  For interest on such principal sum at the rate of 9% per annum, pursuant to 215 ILCS 5/368(a)(c) and 815 ILCS 205/4, or in the alternative, for interest on such principal sum at the rate of 5% per annum, pursuant to 815 ILCS 205/2 and;

c)  For court costs and reasonable attorney's fees as provided in 215 ILCS 5/155, and/or a sum not in excess of 60% of the recovery as provided for in 215 ILCS 5/155(a), and;

d)  For such other and further relief as the Court deems just and proper.

## COUNT II – QUANTUM MERUIT (IN THE ALTERNATIVE)

(Against Defendant HCSC and DOES 1 through 25, inclusive)

45.    STANFORD incorporates by reference and re-alleges paragraphs 1-29

Firm ID. #62848

of this Complaint here as though set forth in full.

46.    On the dates of service set forth in Ex. A, STANFORD provided

emergency and/or medically necessary care to Patients.

47.    In the alternative, assuming *arguendo* that it is determined that no

express or implied-in-fact contract between HCSC and STANFORD existed, or

that such a contract cannot be enforced as to the payment for the medically

necessary services, supplies and/or equipment rendered to Patients, Plaintiff should

nevertheless be fully paid for medical treatment and services rendered under the

common law doctrine of *quantum meruit.*

48.    STANFORD did not perform these services gratuitously.  Rather,

HCSC, by its words and prior and ongoing conduct, and through the custom and

practice in the healthcare industry, knew and understood that STANFORD

rendered such treatment with the expectation of being paid.

49.    Prior to the treatment rendered by STANFORD to Patients, through

industry custom and practice, HCSC impliedly agreed and understood that

STANFORD would render medically necessary services to HCSC beneficiaries,

submit bills for such care to HCSC, and that HCSC would pay the usual and

Firm ID. #62848

customary value to STANFORD for the necessary medical treatment rendered to

Patients, rather than Patients themselves (except for co-payments, deductibles, and

co-insurance amounts, in any).

50.     Specifically, prior to the dates that STANFORD admitted Patients to

its facilities for medical services, STANFORD contacted HCSC to verify Patients'

healthcare eligibility under a HCSC health plan, to obtain authorization from

HCSC for the medical services rendered and to be rendered, and to establish its

right to be paid by HCSC the usual and customary value for such care.  In

response, HCSC represented that Patients were beneficiaries of one of HCSC's

health plans, provided authorization numbers incorporated herein, and approved

admission of Patients.

51.     At no time did HCSC represent that it would not pay the usual and

customary value to STANFORD for the necessary medical treatment rendered to

Patients and at no time did STANFORD represent that it would perform the

services gratuitously.

52.     By treating Patients and initiating contact with HCSC as described

above, STANFORD provided a benefit to HCSC and HCSC failed to compensate

Firm ID. #62848

properly STANFORD for that received benefit, despite the prior and on-going

course of conduct between STANFORD and HCSC.  Prior course of conduct

included, among other things:

a)  HCSC's issuance of identification cards to Patients;

b)  HCSC's instructing Patients to present such identification cards to

medical providers so as to give assurances to those medical providers that such

care would be paid for;

c)  STANFORD communicating with HCSC to ask for authorization to

render medical care to Patients and HCSC issuing authorization to STANFORD

for treatment for that care;

d)  HCSC communicating to STANFORD the medical eligibility benefits

for Patients without advising STANFORD that HCSC would not make full

payment of the usual and customary value of the services to be provided to

Patients;

e)  HCSC sending written approval to STANFORD for the specified

medical services for Patients;

f)  HCSC requesting that STANFORD send HCSC clinical information

Firm ID. #62848

and medical records.

53.     In addition, prior course of conduct by HCSC included STANFORD submitting claims to HCSC and in response, HCSC would properly pay the usual and customary value of those claims.  Over the last five (5) years, STANFORD have billed numerous claims and HCSC has satisfactorily paid on a number of claims submitted by STANFORD in the near identical manner and method as the facts alleged herein.

54.     In addition, HCSC pre-verified Patients' coverage and eligibility and authorized the treatments.

55.     HCSC's authorizations for the treatments were implied requests to STANFORD to perform those services on behalf of Patients.

56.     STANFORD rendered such treatments after the implied requests for such services by HCSC and STANFORD intended those services to benefit, among others, HCSC.

57.     HCSC directly and deliberately benefited from those services by prompting, through its words and prior and ongoing conduct, and through the custom and practice in the healthcare industry, that STANFORD perform those

Firm ID. #62848

services on Patients who were beneficiaries of HCSC, thus fulfilling HCSC's

obligation to secure medically necessary healthcare for its beneficiaries. When

Patients received those services, the express insurance coverage agreement made

between HCSC and Patients was satisfied and HCSC was able to retain rightfully

the premiums paid on behalf of Patients for enabling Patients to receive the

medical care performed by STANFORD. Further STANFORD directly conferred

a benefit upon HCSC because it allowed HCSC to make good on promises made to

HCSC's members/beneficiaries to arrange for them to receive timely medical care

at a first-rate medical facility.

58.    STANFORD provided medically necessary care to the HCSC

beneficiaries as described above.

59.    STANFORD properly billed HCSC for the medically necessary

services provided to Patients as listed in Ex. A.

60.    STANFORD is informed and believes and alleges thereon that HCSC

expressly instructed its beneficiaries (including Patients) to seek medical care in an

emergency from the nearest medical provider and for such beneficiaries to tell the

emergency medical provider to send HCSC the bills for such care for payment by

Firm ID. #62848

HCSC (except for co-payments, deductibles and co-insurance amounts, if any).

61.    After STANFORD rendered the care specified in Ex. A to Patients, STANFORD properly and timely billed HCSC for such care.

62.    The reasonable value of the medical care provided was and is the usual and customary charges of those services, that is the total billed charges in the bills submitted to HCSC by STANFORD for $19,827,595.29.  HCSC paid only $2,090,321.80, leaving a deficit of $17,737,273.49 owed to STANFORD.

63.    Despite demands thereon, HCSC has refused to pay fully STANFORD for the medical care rendered to Patients as set forth in Exhibit A.

64.    STANFORD did not perform these services gratuitously, but rather expected to be paid the reasonable and customary value for such services which amounts to $17,737,273.49.

65.    HCSC unjustly benefitted by not paying fully STANFORD for the reasonable value of such services.  HCSC promised its beneficiaries (including Patients) that it would pay medical providers who provided emergency and necessary medical treatment to those beneficiaries in exchange for Patients' premiums, collected such premiums and then refused despite demands to fully and

Firm ID. #62848

properly pay STANFORD the reasonable and customary value of the medical care

rendered to HCSC's beneficiaries as specified in Ex. A. HCSC accepted the

services STANFORD provided to Patients as demonstrated by acts including but

not exclusive to issuing authorizations and collection of premiums.

66. As a direct and proximate result of HCSC's misconduct, STANFORD

has suffered damages in an amount to be proven at trial but not less than the sum of

$17,737,273.49, exclusive of interest.

67. WHEREFORE, STANFORD prays this Court enter judgment in its

favor and against HCSC as follows:

a) For the principal sum of $17,737,273.49;

b) For interest on such principal sum at the rate of 9% per annum,

pursuant to 215 ILCS 5/368(a)(c) and 815 ILCS 205/4, or in the alternative, for

interest on such principal sum at the rate of 5% per annum, pursuant to 815

ILCS 205/2;

c) For court costs and reasonable attorney's fees as provided in 215 ILCS

5/155, and/or a sum not in excess of 60% of the recovery as provided for in 215

ILCS 5/155(a), and;

Firm ID. #62848

    d) For such other and further relief as the Court deems just and proper.

Dated: February 27, 2023

Respectfully submitted,

LAW OFFICES OF
STEPHENSON, ACQUISTO
& COLMAN, INC.

By:    /s/

One of the Attorneys for Plaintiff
STANFORD HEALTH CARE

David F. Mastan, Esq., ARDC #6328951
Marcus R. Morrow, Esq., ARDC #6317812
Kenneth J. Dusold, Esq. ARDC #6320561
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC. (62848)
20 N. Clark St., Suite 3300
Chicago, IL 60602
Phone: (312)-626-1870
Fax: (818)-559-5484
dmastan@sacfirm.com
mmorrow@sacfirm.com
kdusold@sacfirm.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, I

FILED
2/27/2023 3:46 PM
COOK COUNTY, IL
2023L002009
FC 28536

**LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO**

| No. | File Number | Admit Date | Discharge Date | Provider Name | Total Charges | Expected Under Usual/Dental Paid Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary | Issue |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000067210557 | 6/3/2020 | 6/3/2020 | STANFORD HEALTH CARE | $20,508.76 | $11,880.17 | $0.00 | $11,880.17 | $20,508.76 | AUTHORIZATION |
| 2 | 050001599175 | 2/22/2021 | 3/1/2021 | STANFORD HEALTH CARE | $586,973.74 | $165,783.99 | $0.00 | $165,783.99 | $586,973.74 | STOPLOSS |
| 3 | 050000770896 | 11/25/2020 | 12/4/2020 | STANFORD HEALTH CARE | $597,520.68 | $313,817.86 | $123,680.00 | $190,137.86 | $473,840.68 | INVOICING – BILLING |
| 4 | 000067883146 | 10/16/2020 | 10/16/2020 | STANFORD HEALTH CARE | $133,121.92 | $133,121.92 | $1,905.46 | $131,216.46 | $131,216.46 | DELEGATION |
| 5 | 050006501000 | 6/24/2022 | 6/24/2022 | STANFORD HEALTH CARE | $749,768.70 | $58,871.65 | $57,246.00 | $1,625.65 | $692,522.70 | DELEGATION |
| 6 | 000064931466 | 7/12/2019 | 7/12/2019 | STANFORD HEALTH CARE | $15,514.45 | $9,061.02 | $7,404.14 | $1,656.88 | $8,110.31 | MEDICAL NECESSITY |
| 7 | 000003042197 | 6/24/2021 | 6/24/2021 | STANFORD HEALTH CARE | $15,889.00 | $9,014.44 | $225.46 | $8,788.98 | $15,663.54 | IMPROPER RATE |
| 8 | 050000131770 | 9/28/2020 | 9/28/2020 | STANFORD HEALTH CARE | 20,384.77 | $11,680.08 | $9,864.27 | $1,815.81 | $10,520.50 | MEDICAL NECESSITY |
| 9 | 000000161432 | 10/12/2020 | 10/12/2020 | STANFORD HEALTH CARE | $35,737.40 | $17,741.45 | $0.00 | $17,741.45 | $35,737.40 | MEDICAL NECESSITY |
| 10 | 000073275316 | 12/5/2020 | 12/6/2020 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $80,993.60 | $27,562.12 | $0.00 | $27,562.12 | $80,993.60 | MEDICAL NECESSITY |
| 11 | 050000097700 | 9/23/2020 | 9/26/2020 | STANFORD HEALTH CARE | $387,425.27 | $295,039.21 | $0.00 | $295,039.21 | $387,425.27 | ELIGIBILITY |
| 12 | 000072300411 | 3/7/2019 | 3/7/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $65,722.40 | $25,584.10 | $9,195.07 | $16,389.03 | $56,527.33 | EXPERIMENTAL/ INVESTIGATIONAL |
| 13 | 000072334472 | 3/29/2019 | 3/29/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $90,375.80 | 25,584.10 | $20,885.07 | $4,699.03 | $69,490.73 | MEDICAL NECESSITY |
| 14 | 000072405292 | 5/24/2019 | 5/24/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $108,950.70 | $25,584.13 | $32,171.07 | ($56,586.94) | $76,779.63 | EXPERIMENTAL/ INVESTIGATIONAL |
| 15 | 000072437076 | 6/21/2019 | 6/21/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $98,473.70 | $46,945.09 | $25,944.55 | $21,000.54 | $72,529.15 | EXPERIMENTAL/ INVESTIGATIONAL |
| 16 | 000072348145 | 4/26/2019 | 4/26/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $92,945.60 | $25,584.07 | $22,528.65 | $3,055.42 | $70,416.95 | EXPERIMENTAL/ INVESTIGATIONAL |
| 17 | 000072437211 | 7/19/2019 | 7/19/2019 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $97,926.50 | $25,584.08 | $25,577.23 | $6.85 | $72,349.27 | ELIGIBILITY |
| 18 | 000293708440 | 7/22/2020 | 7/25/2020 | STANFORD HEALTH CARE-PROFESSIONAL | $48,644.00 | $46,556.48 | $1,592.48 | $44,964.00 | $47,051.52 | PLAN NOT RESPONDING |
| 19 | 000067258637 | 6/1/2020 | 7/6/2020 | STANFORD HEALTH CARE | $2,310,569.24 | $1,194,332.70 | $0.00 | $1,194,332.70 | $2,310,569.24 | LINE ITEMS UNDERPAID |
| 20 | 000066552030 | 6/30/2020 | 6/30/2020 | STANFORD HEALTH CARE | $15,311.58 | $8,889.03 | $7,158.94 | $1,730.09 | $8,152.64 | STOPLOSS |
| 21 | 050003350513 | 7/31/2021 | 9/1/2021 | STANFORD HEALTH CARE | $4,555,659.06 | $470,053.46 | $0.00 | $470,053.46 | $4,555,659.06 | PLAN NOT RESPONDING |
| 22 | 050005167049 | 1/24/2022 | 2/2/2022 | STANFORD HEALTH CARE | $698,510.17 | $329,207.84 | $321,667.74 | $7,540.10 | $376,842.43 | MEDICAL NECESSITY |
| 23 | 000004079188 | 10/14/2021 | 10/18/2021 | STANFORD HEALTH CARE | $65,563.96 | $65,673.96 | $0.00 | $65,673.96 | $65,563.96 | |
| 24 | 050003259397 | 7/20/2021 | 7/22/2021 | STANFORD HEALTH CARE | $46,655.53 | $12,272.00 | $0.00 | $12,272.00 | $46,655.53 | |

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding, Balance Under Anthem BC Contract | Total Outstanding, Balance of Reasonable and Customary | Issue |
|---|---|---|---|---|---|---|---|---|---|---|
| | 050000516695 | 11/3/2020 | 11/7/2020 | STANFORD HEALTH CARE | $159,380.92 | $49,088.00 | $0.00 | $49,088.00 | $159,380.92 | AUTHORIZATION |
| | 000066667489 | 3/5/2020 | 3/5/2020 | STANFORD HEALTH CARE | $20,625.39 | $11,748.06 | $171.74 | $11,576.32 | $20,625.65 | MEDICAL NECESSITY |
| | 050000325123 | 10/7/2020 | 10/18/2020 | STANFORD HEALTH CARE | $1,007,950.04 | $411,001.00 | $292,402.00 | $118,599.00 | $715,548.04 | STOPLOSS |
| | 000067083848 | 7/16/2020 | 7/16/2020 | STANFORD HEALTH CARE | $22,749.98 | $11,350.20 | $5,658.37 | $5,691.83 | $17,091.61 | AUTHORIZATION |
| | 000067417648 | 8/10/2020 | 8/10/2020 | STANFORD HEALTH CARE | $24,537.00 | $13,384.28 | $10,654.48 | $1,729.80 | $13,882.52 | TAKEBACK |
| | 050000256813 | 9/2/2020 | 9/2/2020 | STANFORD HEALTH CARE | $17,636.00 | $7,440.62 | $0.00 | $7,440.62 | $17,636.00 | AUTHORIZATION |
| | 050000569944 | 12/18/2020 | 12/18/2020 | STANFORD HEALTH CARE | $18,944.00 | $10,336.50 | $0.00 | $10,336.50 | $18,944.00 | ELIGIBILITY |
| | 050000944832 | 12/21/2020 | 12/21/2020 | STANFORD HEALTH CARE | $99,022.28 | $24,856.33 | $12,603.08 | $12,253.25 | $86,419.20 | INVOICING - BILLING |
| | 050004323109 | 12/13/2021 | 12/15/2021 | STANFORD HEALTH CARE | $223,036.80 | $60,718.16 | $0.00 | $60,718.16 | $223,036.80 | MEDICAL NECESSITY |
| | 000064749297 | 6/25/2019 | 6/25/2019 | STANFORD HEALTH CARE | $47,853.00 | $18,551.49 | $10,518.26 | $8,033.23 | $37,334.74 | AUTHORIZATION DISALLOWED CHARGES |
| | 000063370337 | 11/16/2018 | 11/16/2018 | STANFORD HEALTH CARE | $74,897.65 | $26,049.00 | $0.00 | $26,049.00 | $74,897.65 | AUTHORIZATION |
| | 000067815929 | 8/27/2020 | 8/27/2020 | STANFORD HEALTH CARE | $18,480.00 | $10,790.47 | $0.00 | $10,790.47 | $18,480.00 | INVOICING – BILLING |
| | 050001475118 | 3/10/2021 | 3/10/2021 | STANFORD HEALTH CARE | $33,264.45 | $11,358.00 | $0.00 | $11,358.00 | $33,264.45 | MEDICAL NECESSITY |
| | 000067439537 | 7/12/2020 | 7/12/2020 | STANFORD HEALTH CARE | $23,629.72 | $13,668.33 | $0.00 | $13,668.33 | $23,629.72 | MEDICAL NECESSITY |
| | 040000209090 | 6/30/2021 | 7/1/2021 | STANFORD HEALTH CARE – TRI-VALLEY PROFESSIONAL | $82,123.98 | $32,192.38 | $31,678.75 | $513.63 | $50,445.23 | UNTIMELY |
| | 050002417211 | 8/24/2021 | 8/24/2021 | STANFORD HEALTH CARE | $90,868.73 | $40,466.08 | $0.00 | $40,466.08 | $90,868.73 | MEDICAL NECESSITY |
| | 050001932934 | 4/1/2021 | 4/2/2021 | STANFORD HEALTH CARE | $267,498.66 | $84,241.23 | $58,758.66 | $25,482.57 | $208,740.00 | IMPROPER RATE |
| | 000264723100 | 5/15/2019 | 5/15/2019 | STANFORD HEALTH CARE- PROFESSIONAL | $14,087.50 | $14,087.50 | $0.00 | $14,087.50 | $14,087.50 | MEDICAL NECESSITY |
| | 050000718703 | 12/22/2020 | 12/22/2020 | STANFORD HEALTH CARE | $33,041.19 | $12,629.16 | $3,762.72 | $8,866.44 | $29,278.47 | AUTHORIZATION |
| | 000059598120 | 12/15/2020 | 12/15/2020 | STANFORD HEALTH CARE | $33,558.93 | $12,912.58 | $4,062.04 | $8,850.54 | $29,496.89 | ELIGIBILITY |
| | 050000718704 | 1/5/2021 | 1/5/2021 | STANFORD HEALTH CARE | $33,767.83 | $13,072.35 | $0.00 | $13,072.35 | $33,767.83 | OUT OF NETWORK |
| | 000067051918 | 4/29/2020 | 4/29/2020 | STANFORD HEALTH CARE | $15,249.51 | $7,080.88 | $0.00 | $7,080.88 | $15,249.51 | IMPROPER RATE |
| | 000066160500 | 12/12/2019 | 12/12/2019 | STANFORD HEALTH CARE | $10,093.76 | $5,798.85 | $3,822.24 | $1,976.61 | $6,271.52 | IMPROPER RATE |
| | 000673288915 | 7/13/2020 | 7/13/2020 | STANFORD HEALTH CARE | $43,277.88 | $15,495.06 | $0.00 | $15,495.06 | $43,277.88 | IMPROPER RATE |
| | 050000451639 | 11/20/2020 | 11/20/2020 | STANFORD HEALTH CARE | $30,339.68 | $15,956.00 | $0.00 | $15,956.00 | $30,339.68 | IMPROPER RATE |
| | 000066630365 | 3/4/2020 | 3/4/2020 | STANFORD HEALTH CARE | $86,105.71 | $24,948.52 | $7,406.47 | $17,542.05 | $78,699.24 | MEDICAL NECESSITY |

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary | Issue |
|---|---|---|---|---|---|---|---|---|---|---|
| 51 | 000066510666 | 2/26/2020 | 2/26/2020 | STANFORD HEALTH CARE | $87,520.71 | $32,864.14 | $7,915.64 | $24,948.50 | $79,605.07 | MEDICAL NECESSITY |
| 52 | 050000037603 | 9/23/2020 | 9/23/2020 | STANFORD HEALTH CARE | $183,032.77 | $94,040.23 | $18,196.99 | $75,843.24 | $164,835.78 | PLAN NOT RESPONDING |
| 53 | 050002002146 | 3/22/2018 | 3/22/2018 | STANFORD HEALTH CARE | $16,114.41 | $16,114.41 | $0.00 | $16,114.41 | $16,114.41 | TAKEBACK |
| 54 | 000064309022 | 5/30/2019 | 5/30/2019 | STANFORD HEALTH CARE | $44,977.60 | $14,733.89 | $8,836.32 | $5,897.57 | $38,141.28 | PLAN NOT RESPONDING |
| 55 | 000067292887 | 9/25/2020 | 9/25/2020 | STANFORD HEALTH CARE | $16,604.07 | $15,596.00 | $0.00 | $15,596.00 | $16,604.07 | AUTHORIZATION |
| 56 | 050001509374 | 2/9/2021 | 2/9/2021 | STANFORD HEALTH CARE | $111,450.00 | $37,886.96 | $0.00 | $37,886.96 | $111,450.00 | PLAN NOT RESPONDING |
| 57 | 050000094031 | 1/22/2021 | 1/22/2021 | STANFORD HEALTH CARE | $114,622.48 | $40,649.91 | $30,743.31 | $9,906.60 | $83,879.17 | PLAN NOT RESPONDING |
| 58 | 000065921085 | 2/6/2020 | 2/6/2020 | STANFORD HEALTH CARE | $97,895.09 | $32,927.40 | $184.22 | $32,743.18 | $97,710.87 | IMPROPER RATE |
| 59 | 000067958160 | 9/9/2020 | 9/9/2020 | STANFORD HEALTH CARE | $20,773.54 | $11,810.86 | $9,995.06 | $1,815.80 | $10,778.48 | IMPROPER RATE |
| 60 | 000067602879 | 9/3/2020 | 9/3/2020 | STANFORD HEALTH CARE | $126,121.40 | $14,967.54 | $0.00 | $14,967.54 | $126,121.40 | MEDICAL NECESSITY |
| 61 | 000067683485 | 7/27/2020 | 7/27/2020 | STANFORD HEALTH CARE | $159,083.16 | $23,290.00 | $0.00 | $23,290.00 | $159,083.16 | MEDICAL NECESSITY |
| 62 | 000065722059 | 10/22/2019 | 10/22/2019 | STANFORD HEALTH CARE | $15,645.27 | $9,002.66 | $7,272.33 | $1,730.33 | $8,372.94 | MEDICAL NECESSITY |
| 63 | 000061888157 | 3/1/2018 | 3/1/2018 | STANFORD HEALTH CARE | $16,157.21 | $15,971.88 | $162.88 | $15,809.00 | $15,994.33 | MEDICAL NECESSITY |
| 64 | 050000726026 | 11/20/2020 | 11/20/2020 | STANFORD HEALTH CARE | $1,643,518.44 | $780,342.56 | $478,443.00 | $301,899.56 | $1,165,075.44 | STOPLOSS |
| 65 | 050001550095 | 3/3/2021 | 3/4/2021 | STANFORD HEALTH CARE | $123,457.59 | $29,903.74 | $0.00 | $29,903.74 | $123,457.59 | MEDICAL NECESSITY |
| 66 | 050000010078 | 12/30/2020 | 12/30/2020 | STANFORD HEALTH CARE | $32,185.24 | $2,097.38 | $0.00 | $2,097.38 | $30,087.86 | MEDICAL NECESSITY |
| 67 | 050006809390 | 4/29/2020 | 4/29/2020 | STANFORD HEALTH CARE | $31,779.46 | $13,423.09 | $7,148.51 | $6,274.58 | $24,630.95 | OUT OF NETWORK |
| 68 | 050000535240 | 10/31/2020 | 11/1/2020 | STANFORD HEALTH CARE | $175,700.56 | $143,700.56 | $0.00 | $143,700.56 | $175,700.56 | MEDICAL NECESSITY |
| 69 | 050005107859 | 1/19/2022 | 1/22/2022 | STANFORD HEALTH CARE | $102,975.18 | $38,631.00 | $0.00 | $38,631.00 | $102,975.18 | PLAN NOT RESPONDING |
| 70 | 050000592745 | 11/11/2020 | 11/11/2020 | STANFORD HEALTH CARE | $50,842.72 | $32,355.72 | $0.00 | $32,355.72 | $50,842.72 | PLAN NOT RESPONDING |
| 71 | 050000107925 | 12/29/2020 | 1/1/2021 | STANFORD HEALTH CARE | $106,585.36 | $106,585.36 | $0.00 | $106,585.36 | $106,585.36 | PLAN NOT RESPONDING |
| 72 | 050002467338 | 5/3/2021 | 5/3/2021 | STANFORD HEALTH CARE | $429.00 | $39.00 | $0.00 | $39.00 | $429.00 | IMPROPER RATE |
| 73 | 050000307840 | 7/5/2021 | 7/5/2021 | STANFORD HEALTH CARE | $429.00 | $39.00 | $0.00 | $39.00 | $429.00 | IMPROPER RATE |
| 74 | 050001634262 | 2/27/2021 | 2/27/2021 | STANFORD HEALTH CARE | $429.00 | $39.00 | $0.00 | $39.00 | $429.00 | IMPROPER RATE |
| 75 | 000023931482 | 4/26/2021 | 4/26/2021 | STANFORD HEALTH CARE | $33,753.11 | $16,041.40 | $0.00 | $16,041.40 | $33,753.11 | IMPROPER RATE |
| 76 | 000067061211 | 5/3/2020 | 5/3/2020 | STANFORD HEALTH CARE | $52,967.93 | $17,154.24 | $0.00 | $17,154.24 | $52,967.93 | MEDICAL NECESSITY |
| 77 | 050000512198 | 1/4/2021 | 1/4/2021 | STANFORD HEALTH CARE | $206,342.98 | $62,128.07 | $0.00 | $62,128.07 | $206,342.98 | AUTHORIZATION |

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary | Issue |
|---|---|---|---|---|---|---|---|---|---|---|
| | 0500001987407 | 4/30/2021 | 5/21/2021 | STANFORD HEALTH CARE | $950,585.09 | $451,337.80 | $354,589.40 | $96,748.40 | $595,995.69 | STOPLOSS |
| | 0500001665983 | 4/19/2021 | 4/19/2021 | STANFORD HEALTH CARE | $117,429.25 | $37,653.42 | $0.00 | $37,653.42 | $117,429.25 | PLAN NOT RESPONDING |
| | 003052686640 | 12/1/2020 | 12/4/2020 | STANFORD HEALTH CARE - PROFESSIONAL | $34,168.55 | $31,871.24 | $0.00 | $31,871.24 | $34,168.55 | |
| | 0500000651386 | 11/12/2020 | 11/24/2020 | STANFORD HEALTH CARE | $878,873.59 | $98,409.07 | $0.00 | $98,409.07 | $878,873.59 | MEDICAL NECESSITY |
| | 0000621318861 | 4/20/2018 | 4/20/2018 | STANFORD HEALTH CARE | $28,362.00 | $28,362.00 | $0.00 | $28,362.00 | $28,362.00 | MEDICAL NECESSITY |
| | 0500005479918 | 11/24/2020 | 11/24/2020 | STANFORD HEALTH CARE | $33,242.12 | $11,358.00 | $0.00 | $11,358.00 | $33,242.12 | MEDICAL NECESSITY |
| | 00067860311 | 11/5/2020 | 11/5/2020 | STANFORD HEALTH CARE | $30,736.55 | $11,358.00 | $0.00 | $11,358.00 | $30,736.55 | MEDICAL NECESSITY |
| | 000066335726 | 2/13/2020 | 2/13/2020 | STANFORD HEALTH CARE | $16,797.96 | $9,689.71 | $7,959.62 | $1,730.09 | $8,838.34 | TAKEBACK |
| | 000067776960 | 8/14/2020 | 8/14/2020 | STANFORD HEALTH CARE | $15,878.52 | $9,081.69 | $7,351.59 | $1,730.10 | $8,526.93 | TAKEBACK |
| | 000065951981 | 11/19/2019 | 11/19/2019 | STANFORD HEALTH CARE | $18,720.00 | $8,298.97 | $0.00 | $8,298.97 | $18,720.00 | MEDICAL NECESSITY |
| | 0500001885364 | 6/9/2021 | 6/9/2021 | STANFORD HEALTH CARE | $77,008.58 | $18,197.00 | $0.00 | $18,197.00 | $77,008.58 | MEDICAL NECESSITY |
| | 0500003338706 | 10/20/2020 | 10/20/2020 | STANFORD HEALTH CARE | $251,030.00 | $22,333.99 | $19,429.99 | $2,904.00 | $231,600.01 | TAKEBACK |
| | 0500000004424 | 9/30/2020 | 9/30/2020 | STANFORD HEALTH CARE | $89,941.99 | $56,541.11 | $0.00 | $56,541.11 | $89,941.99 | PLAN NOT RESPONDING |
| | 0000661884450 | 12/18/2019 | 12/18/2019 | STANFORD HEALTH CARE | $153,077.67 | $57,799.27 | $19,592.87 | $38,206.40 | $133,484.80 | TAKEBACK |
| | 0500003706571 | 1/5/2021 | 1/5/2021 | STANFORD HEALTH CARE | $89,183.02 | $31,286.02 | $1,857.75 | $29,428.27 | $87,325.27 | MEDICAL NECESSITY |
| | | | | | $19,827,595.29 | $6,809,165.90 | $2,090,321.80 | $4,718,844.10 | $17,737,273.49 | |