# EXHIBIT 2

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, I

\* 5 0 2 9 3 8 0 1 \*

FILED
5/22/2023 4:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L002009
Calendar, I
22828919

Firm ID. #62848

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| STANFORD HEALTH CARE, a California not-for-profit healthcare corporation, | ) ) ) | SUMMONS |
| Plaintiff, | ) ) | Case No.  2023 L 002009 |
| v. | ) | COMMERCIAL CALENDAR |
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co. d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and BLUE CROSS AND BLUE SHIELD OF TEXAS; and DOES 1 THROUGH 25, INCLUSIVE, Defendants. | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |

## ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer: This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date

- 1 -   **SUMMONS**

Firm ID. #62848

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No:      62848
Atty. Name: LAW OFFICES OF STEPHENSON,
                       ACQUISTO & COLMAN, INC.
Atty. For:    Plaintiffs
Address:     20 N. Clark St., Suite 3300
City:           Chicago,
State:         IL
Zip:            60602
Telephone: (312)-626-1870
Primary Email: Kdusold@sacfirm.com

Witness:_____

5/22/2023 4:28 PM IRIS Y. MARTINEZ

_____
    DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**See Service List Below**

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

**SERVICE LIST**

HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co.
d.b.a BLUE CROSS AND BLUE SHIELD OF TEXAS
300 East Randolph St.,
Chicago IL 60601-5099

\* 5 0 2 9 3 8 0 1 \*

Firm ID. #62848

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

### Divisions/Departments

o    Richard J Daley Center
50 W Washington
Chicago, IL 60602

o    District 2 – Skokie
5600 Old Orchard Rd
Skokie, IL 60077

o    District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

o    District 4 – Maywood
1500 Maybrook Ave
Maywood, IL 60153

o    District 5 – Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

o    District 6 – Markham
16501 S Kedzie Pkwy
Markham, IL 60428

o    Domestic Violence Court
555 W Harrison
Chicago, IL 60607

o    Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

o    Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

o    **Daley Center**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

o    Probate Division

- 4 -    **SUMMONS**

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

    Richard J Daley Center
    50 W Washington, Rm 1202
    Chicago, IL 60602
    Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, I

* 5 0 2 9 3 8 0 1 *

FILED
5/22/2023 4:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L002009
Calendar, I
22828919

Firm ID. #62848

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| STANFORD HEALTH CARE, a California not-for-profit healthcare corporation, | ) ) ) | SUMMONS |
| Plaintiff, | ) ) | Case No.  2023 L 002009 |
| v. | ) ) | COMMERCIAL CALENDAR |
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co. d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and BLUE CROSS AND BLUE SHIELD OF TEXAS; and DOES 1 THROUGH 25, INCLUSIVE, Defendants. | ) ) ) ) ) ) | JURY TRIAL DEMANDED |

## ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons,** not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer: This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date

- 1 -    **SUMMONS**

Firm ID. #62848

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http:// www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No:  62848
Atty. Name: LAW OFFICES OF STEPHENSON,
           ACQUISTO & COLMAN, INC.
Atty. For:  Plaintiffs
Address:   20 N. Clark St., Suite 3300
City:      Chicago,
State:     IL
Zip:       60602
Telephone: (312)-626-1870
Primary Email: Kdusold@sacfirm.com

Witness: _____

5/22/2023 4:28 PM IRIS Y. MARTINEZ

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**See Service List Below**

- 2 -     **SUMMONS**

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

**<u>SERVICE LIST</u>**

HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co.
d.b.a BLUE CROSS AND BLUE SHIELD OF TEXAS
300 East Randolph St.,
Chicago IL 60601-5099

```
* 5 0 2 9 3 8 0 1 *
```

Firm ID. #62848

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS
### Divisions/Departments

○  Richard J Daley Center
   50 W Washington
   Chicago, IL 60602

○  District 2 – Skokie
   5600 Old Orchard Rd
   Skokie, IL 60077

○  District 3 - Rolling Meadows
   2121 Euclid
   Rolling Meadows, IL 60008

○  District 4 – Maywood
   1500 Maybrook Ave
   Maywood, IL 60153

○  District 5 – Bridgeview
   10220 S 76th Ave
   Bridgeview, IL 60455

○  District 6 – Markham
   16501 S Kedzie Pkwy
   Markham, IL 60428

○  Domestic Violence Court
   555 W Harrison
   Chicago, IL 60607

○  Juvenile Center Building
   2245 W Ogden Ave, Rm 13
   Chicago, IL 60602

○  Criminal Court Building
   2650 S California Ave, Rm 526
   Chicago, IL 60608

○  **Daley Center**

○  Civil Division
   Richard J Daley Center
   50 W Washington, Rm 601
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  Chancery Division
   Richard J Daley Center
   50 W Washington, Rm 802
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  Domestic Relations Division
   Richard J Daley Center
   50 W Washington, Rm 802
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  Civil Appeals
   Richard J Daley Center
   50 W Washington, Rm 801
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  Criminal Department
   Richard J Daley Center
   50 W Washington, Rm 1006
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  County Division
   Richard J Daley Center
   50 W Washington, Rm 1202
   Chicago, IL 60602
   Hours: 8:30 am - 4:30 pm

○  Probate Division

- 4 -    **SUMMONS**

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, I

\* 5 0 2 9 3 8 0 1 \*

FILED
5/8/2023 5:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L002009
Calendar, I
22629898

Firm ID. #62848

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| STANFORD HEALTH CARE, a California not-for-profit healthcare corporation, | ) ) ) ) | Case No.  2023 L 002009 |
| Plaintiff, | ) ) | COMMERCIAL CALENDAR |
| v. | ) ) ) | |
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co. d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and BLUE CROSS AND BLUE SHIELD OF TEXAS; and DOES 1 THROUGH 25, INCLUSIVE, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFF STANFORD HEALTH CARE'S
## FIRST AMENDED COMPLAINT AT LAW

1.      Plaintiff, STANFORD HEALTH CARE, a California not-for-profit

(hereinafter "Plaintiff" or "STANFORD"), by and through its attorneys, LAW

OFFICES OF STEPHENSON, ACQUISTO & COLMAN, for its First Amended

Complaint at Law ("Complaint") against HEALTH CARE SERVICE

CORPORATION d.b.a. BLUE CROSS AND BLUE SHIELD OF ILLINOIS and

BLUE CROSS AND BLUE SHIELD OF TEXAS, on behalf of itself and its

Affiliates, (hereinafter "HCSC"), and DOES 1 THROUGH 25, INCLUSIVE, upon

personal information as to their own activities and upon information and belief as

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

to the activities of others and all other matters, and states as follows:

## INTRODUCTION

2.      This is an action against HCSC for breach of implied-in-fact contract and *quantum meruit* arising from a business relationship between STANFORD and HCSC.  By this action, STANFORD seeks compensatory damages, interest, and attorney's fees and costs.

## PARTIES

3.      STANFORD, a California not-for-profit healthcare corporation, is organized and existing pursuant to the laws of the State of California. STANFORD has its principal place of operation in the community of Stanford, County of Santa Clara, State of California, and is incorporated in the State of California.

4.      HCSC is a domestic insurance company, incorporated in the state of Illinois with its principal office located in Chicago, Illinois.  HCSC is registered with the Illinois Department of Insurance with an active status.  HCSC has a registered agent in the City of Chicago, County of Cook, and State of Illinois.

5.      STANFORD is unaware of the true names and capacities, whether

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

corporate, associate, individual, partnership or otherwise of defendants DOES 1

through 25, inclusive, and therefore sues such defendants by such fictitious names.

STANFORD will seek leave of the Court to amend this Complaint to allege its true

names and capacities when ascertained.

6.     HCSC and Does 1 through 25, inclusive, shall be collectively referred

to as "HCSC" or "Defendants."

7.     Defendants, each of them, at all relevant times, have transacted

business in the State of Illinois.  The violations alleged within this Complaint have

been and are being carried out in the State of Illinois.

8.     STANFORD is informed, believes and thereon alleges that, at all

relevant times, each of the Defendants, including the defendants named "Doe,"

was and is the agent, employee, employer, joint venturer, representative, alter ego,

subsidiary and/or partner of one or more of the other defendants, and was, in

performing the acts complained of herein, acting within the scope of such agency,

employment, joint venture, or partnership authority, and/or is in some other way

responsible for the acts of one or more of the other defendants.

## JURISDICTION AND VENUE

Firm ID. #62848

9.     Jurisdiction over this matter exists under 735 ILCS 5/2-209 because

HCSC is a resident of the State of Illinois, has a registered agent in the State of

Illinois, transacts business in Illinois, is licensed with the State of Illinois

Department of Insurance and because HCSC's making and performance of the

transactions, and the implied-in-fact contracts at issue are substantially connected

with the State of Illinois.

10.     Venue is proper in the Circuit Court of Cook County pursuant to 735

ILCS 5/2-101 and 5/2-103 because it is the county in which the transactions occur

out of which the cause of action arises.

## **FACTUAL BACKGROUND**

11.     STANFORD, between the dates of January 3, 2017 and June 24, 2022

provided medically necessary treatment to the individuals identified on the

spreadsheet attached as Exhibit A[1] to this Complaint (and which is incorporated

herein by this reference as though set forth in full) (the "Patients") totaling ninety-

five (95) claims.

---

[1] STANFORD has limited disclosure of patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, General Information Privacy Act, 410 ILCS 513/15 – 50; and General Administrative Order 18-1.

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

12.     STANFORD is informed and believes and thereon alleges that at all relevant times Patients were enrollees and/or beneficiaries of health plans sponsored, financed, administered, and/or funded by HCSC.

13.     Prior to the dates of service set forth in Ex. A, STANFORD sought and received authorization for treatment from HCSC.  HCSC gave authorization reference numbers and approved the medically necessary services rendered to Patients, and HCSC approved admission of the Patients.

14.     On the dates of service set forth in Ex. A ("the Dates of Service"), STANFORD rendered medically necessary services, supplies and/or equipment to Patients until Patients became stable for discharge from STANFORD.

15.     STANFORD is informed and believes and thereon alleges HCSC is financially responsible for the medically necessary services, supplies, and/or equipment (including, but not limited to, emergency care) rendered to the Patients on the Dates of Service.

16.     STANFORD's usual and customary charges for the medically necessary services, supplies and/or equipment rendered to Patients amounted to $23,858,391.21.

Firm ID. #62848

17.     STANFORD timely and properly submitted the bills containing said

charges for the medically necessary services, supplies, and/or equipment rendered

to Patients to HCSC for payment.

18.     Rather than properly and fully pay STANFORD for the medically

necessary services, supplies, and/or equipment STANFORD rendered to the

Patients, HCSC underpaid, issuing payment of only $3,768,166.90.

19.     HCSC failed to pay fully and properly STANFORD for the medically

necessary services, supplies, and/or equipment rendered to Patients, despite

demands thereof.

20.     HCSC received premium payments for Patients' enrollment and

coverage in HCSC's respective health plans.

21.     HCSC unjustly benefitted by not paying fully STANFORD for the

reasonable value of such services.  HCSC promised its beneficiaries (including

Patients) that it would pay medical providers who provided emergency and

necessary medical treatment to those beneficiaries in exchange for Patients'

premiums, collected such premiums and then refused despite demands to fully and

properly pay STANFORD the reasonable and customary value of the medical care

Firm ID. #62848

rendered to HCSC's beneficiaries as specified in Ex. A. HCSC accepted the

services STANFORD provided to Patients as demonstrated by acts including but

not exclusive to issuing authorizations and collection of premiums.

22.    HCSC further unjustly and directly benefitted when it caused

STANFORD to treat its beneficiaries, Patients, thus improving HCSC's patient-

population risk pool as Patient was now healthier and less of a cost exposure risk to

HCSC's insurance funds and allowing HCSC's profits to continue with further

guarantee that a healthier and still living Patient would ensure that the HCSC

would be allowed to collect future premiums for Patients' enrollment in HCSC's

health plan.

23.    HCSC further unjustly and directly benefited when it caused

STANFORD to treat its beneficiaries, Patients, in the following ways

a)  Improved Health Outcomes – HCSC has a vested interest in keeping

their enrollees, like Patients, healthy, as healthier individuals require less

medical care and incur fewer costs. By encouraging their enrollees, like

Patients, to seek medical care when needed, including hospitalization, when

necessary, HCSC helped prevent Patients' illness from becoming more serious

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

and costly for HCSC.

b)  Better Customer satisfaction – when Patients received quality care at STANFORD, Patients were more satisfied with their health insurance coverage which led to increased loyalty and retention rates for HCSC.

c)  Increased Market Share – by offering competitive coverage that includes access to high-quality hospitals, like STANFORD, HCSC was able to attract new customers and retain existing ones.  This helped them gain a larger share of the market which led to increased profits and better bargaining power with healthcare providers.

d)  Cost Savings – with an improved health outcome of Patients, HCSC saved money by avoiding further future costly treatments and is therefore able to keep premiums lower for their customers, further increasing HCSC's attractiveness and competitiveness in expanding its patient-pool.

24.    As a direct and proximate result of HCSC's wrongful conduct, STANFORD has suffered damages in an amount to be proven at trial but not less than the sum of $4,929,127.71 exclusive of interest.

## COUNT I – BREACH OF IMPLIED-IN-FACT CONTRACT

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

(Against Defendant HCSC and DOES 1 through 24, inclusive)

25.     STANFORD incorporates by reference and re-alleges paragraphs 1-24 of this Complaint here as though set forth in full.

26.     This action is founded upon a written contract (the "Contract") effective September 8, 2014 between STANFORD and Anthem Blue Cross (d.b.a. Blue Cross of California and affiliates) — a non-party to this action.  Among other things, the Contract obligated STANFORD to medically treat individuals who were certain beneficiaries of non-Anthem Blue Cross health plans.  Specifically, the Contract obligated STANFORD to medically treat individuals belonging to health plans financed, sponsored, and/or administered by member companies belonging to the national Blue Cross Blue Shield Association of which HCSC is one such member.

27.     Although HCSC was not a signatory to or obligee of the Contract, the Contract nonetheless bound STANFORD to treat HCSC's beneficiaries.  The Contract also obligated STANFORD to accept as payment in full monies received from Blue Cross Blue Shield Association member companies (such as HCSC) that were made at the discounted rates found within the Contract.

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

28.     At all relevant times, the Contract between STANFORD and Anthem

Blue Cross bound STANFORD to treat beneficiaries not only of health plans

financed, sponsored, and/or administered by Anthem Blue Cross, but also for

beneficiaries of health plans financed, sponsored, and/or administered by member

companies of the national Blue Cross Blue Shield Association.  One such member

company of said association is HCSC.  Thus, even though HCSC never signed the

Contract nor is obligated under the Contract, STANFORD must nevertheless

medically treat HCSC members and accept payment, in full, from such member

companies, with the payment received conforming to the rates found within the

Contract.

29.     All HCSC needed to do to take advantage of such medical treatment

and discounted rates on behalf of its members/beneficiaries was to issue a "Blue

Card" program identification card.  The members/beneficiaries could then present

their "Blue Card" program identification card to STANFORD at admission, which

signaled to STANFORD that it must medically treat such patient pursuant to the

terms of the Contract and must accept payments at the discounted rates found in

the Contract even though HCSC was not a signatory to the Contract.  Otherwise,

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

STANFORD would be in violation of its duties owed to Anthem Blue Cross.

30.     In this way — by conduct alone and with no express agreement between them — an implied-in-fact contract arose between STANFORD and HCSC each time one of the Patients presented to STANFORD their BCBS-issued "Blue Card" program identification card and/or otherwise identified themself as being a member/beneficiary of a health plan financed, sponsored, and/or administered by a member company of the national Blue Cross Blue Shield Association.

31.     Each of the Patients specified in Exhibit A presented a "Blue Card" program identification card issued by HCSC and/or otherwise identified themself as belonging to a health plan financed, sponsored, and/or administered by HCSC at the time of their hospital stay at STANFORD on the Dates of Service.

32.     Accordingly, each time one of the Patients sought medical treatment at STANFORD and so identified themself, an implied-in-fact contract arose in which STANFORD agreed to render to that Patient all medically necessary services, supplies, and/or equipment needed by that individual and secondarily agreed to accept as payment, in full, monies received from HCSC that were in

Firm ID. #62848

conformance to the discounted rates found in the Contract. In return, HCSC

agreed to pay for such care, albeit at the appropriate discounted rate regarding such

care.

33.    STANFORD's usual and customary charges for rendering the

medically necessary services, supplies, and/or equipment to the Patients set forth in

Exhibit A, amounted to $23,858,391,21. At the rates found within the Contract,

HCSC should have paid an aggregate amount of $8,694,294.61. However, HCSC

only paid $3,768,166.90, leaving a deficit of $4,926,127.71, amounted to a breach

of its implied-in-fact contracts with STANFORD.

34.    No express written contract between HCSC and STANFORD existed

to prescribe payment for the medically necessary services, supplies, and/or

equipment rendered to Patients and STANFORD did not perform those services

gratuitously. Rather, HCSC knew and understood that STANFORD rendered such

treatment with the expectation of being paid the discounted rates under the

Contract and through the Blue Card program.

35.    Prior to the treatment rendered by STANFORD, through industry

custom and practice, HCSC impliedly agreed, promissorily impliedly expressed

---

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

and understood that STANFORD would render medically necessary care to HCSC
beneficiaries, submit bills for such care to HCSC, and that HCSC would pay the
discounted rates under the Contract to STANFORD for the necessary medical
treatment rendered to Patients, rather than Patients themselves (except for co-
payments, deductibles, and co-insurance amounts, in any).

36.    Specifically, prior to the dates that STANFORD admitted Patients to
its facilities for medical services, STANFORD contacted HCSC to verify Patients'
healthcare eligibility under a HCSC health plan, to obtain authorization from
HCSC for the medical services rendered and to be rendered, and to establish its
right to be paid by HCSC the discounted rates under the Contract for such care. In
response, HCSC represented that Patients were beneficiaries of one of HCSC's
health plans, provided the authorization numbers incorporated in Ex A, and
approved admissions of the Patients.

37.    At no time did HCSC represent that it would not pay the discounted
rates under the Contract to STANFORD for the necessary medical treatment
rendered to Patients.

38.    Through STANFORD's treating the Patients, STANFORD's initiating

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

contact with HCSC as described above, and HCSC's instructing the Patients to

present their HCSC-issued "Blue Card" membership identification to

STANFORD, Plaintiff and Defendant entered into an implied-in-fact contract.  The

Contract was also formed through industry custom and practice, as well as Plaintiff

and Defendant's prior and on-going course of conduct *vis-à-vis* the "Blue Card"

program.  Prior course of conduct included, among other things:

 a)  HCSC's issuance of identification cards to Patients;

 b)  HCSC's instructing Patients to present such identification cards to

medical providers so as to give assurances to those medical providers that such

care would be paid for;

 c)  STANFORD communicating with HCSC to ask for authorizations to

render medical care to Patients and HCSC issuing authorizations to

STANFORD for such care;

 d)  HCSC communicating to STANFORD the medical eligibility benefits

for Patients without advising STANFORD that HCSC would not make full

payment of the discounted rates under the Contract for the services to be

provided to Patients;

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

e) HCSC sending written approvals to STANFORD for the specified medical services for Patients;

f) HCSC requesting that STANFORD send HCSC clinical information and medical records.

39. In addition, prior course of conduct by HCSC included STANFORD submitting claims to HCSC and in response, HCSC would properly pay the discounted rates under the Contract of those claims. Over the last five (5) years, STANFORD has billed numerous claims and HCSC has satisfactorily paid on a number of claims submitted by STANFORD in the near identical manner and method as the facts alleged herein.

40. HCSC directly and deliberately benefited from those services by prompting, through its words and prior and ongoing conduct, and through the custom and practice in the healthcare industry, that STANFORD perform those services on Patients who were beneficiaries of HCSC, thus fulfilling HCSC's obligation to secure medically necessary healthcare for its beneficiaries. When Patients received those services, the express insurance coverage agreement made between HCSC and Patients was satisfied and HCSC was able to retain rightfully

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

the premiums paid on behalf of Patients for enabling Patients to receive the

medical care performed by STANFORD.  Further, STANFORD directly conferred

a benefit upon HCSC because it allowed HCSC to make good on promises made to

HCSC's members/beneficiaries to arrange for them to receive timely medical care

at a first-rate medical facility.

41.     STANFORD provided medically necessary care to HCSC

beneficiaries as described above.

42.     STANFORD properly billed HCSC for the medically necessary

services provided to Patients as listed in Ex. A.

43.     HCSC breached the implied-in-fact contract by paying only

$3,768,294.61, resulting in an aggregate underpayment of $4,926,127.71 according

to the discounted rates under the Contact for the medical services performed by

STANFORD.

44.     STANFORD performed all conditions required on its part to be

performed in accordance with the terms and conditions of the implied-in-fact

contract.

45.     HCSC breached the implied-in-fact contract by underpaying

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

STANFORD for the medically necessary services, supplies and/or equipment rendered or supplied to Patients.

46.    As a direct and proximate result of HCSC's breach of the implied-in-fact contract, STANFORD suffered damages in an amount to be proven at trial but not less than the sum of $4,926,127.71, exclusive of interest.

47.    WHEREFORE, STANFORD prays this Court enter judgment in its favor and against HCSC as follows:

a)  For the principal sum of $4,926,127.71;

b)  For interest on such principal sum at the rate of 9% per annum, pursuant to 215 ILCS 5/368(a)(c) and 815 ILCS 205/4, or in the alternative, for interest on such principal sum at the rate of 5% per annum, pursuant to 815 ILCS 205/2 and;

c)  For court costs and reasonable attorney's fees as provided in 215 ILCS 5/155, and/or a sum not in excess of 60% of the recovery as provided for in 215 ILCS 5/155(a), and;

d)  For such other and further relief as the Court deems just and proper.

## COUNT II – QUANTUM MERUIT (IN THE ALTERNATIVE)

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

(Against Defendant HCSC and DOES 1 through 24, inclusive)

48.     STANFORD incorporates by reference and re-alleges paragraphs 1-24 of this Complaint here as though set forth in full.

49.     On the dates of service set forth in Ex. A, STANFORD provided emergency and/or medically necessary care to Patients.

50.     In the alternative, assuming *arguendo* that it is determined that no express or implied-in-fact contract between HCSC and STANFORD existed, or that such a contract cannot be enforced as to the payment for the medically necessary services, supplies and/or equipment rendered to Patients, Plaintiff should nevertheless be fully paid for medical treatment and services rendered under the common law doctrine of *quantum meruit.*

51.     STANFORD did not perform these services gratuitously.  Rather, HCSC, by its words and prior and ongoing conduct, and through the custom and practice in the healthcare industry, knew and understood that STANFORD rendered such treatment with the expectation of being paid.

52.     Prior to the treatment rendered by STANFORD to Patients, through industry custom and practice, HCSC impliedly agreed and understood that

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

STANFORD would render medically necessary services to HCSC beneficiaries,

submit bills for such care to HCSC, and that HCSC would pay the usual and

customary value to STANFORD for the necessary medical treatment rendered to

Patients, rather than Patients themselves (except for co-payments, deductibles, and

co-insurance amounts, in any).

53.     Specifically, prior to the dates that STANFORD admitted Patients to

its facilities for medical services, STANFORD contacted HCSC via phone,

facsimile, or electronic communication, to verify Patients' healthcare eligibility

under a HCSC health plan, to obtain authorization from HCSC for the medical

services rendered and to be rendered, and to establish its right to be paid by HCSC

the usual and customary value for such care.  In response via phone, facsimile,

and/or electronic communication, including but not limited to an electronic portal,

HCSC represented that Patients were beneficiaries of one of HCSC's health plans,

provided authorization numbers incorporated herein, and approved admission of

Patients.

54.     At no time did HCSC represent that it would not pay the usual and

customary value to STANFORD for the necessary medical treatment rendered to

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

Patients and at no time did STANFORD represent that it would perform the

services gratuitously.

55.     By treating Patients and initiating contact with HCSC as described

above, STANFORD provided a benefit to HCSC and HCSC failed to compensate

properly STANFORD for that received benefit, despite the prior and on-going

course of conduct between STANFORD and HCSC.  Prior course of conduct

included, among other things:

  a)  HCSC's issuance of identification cards to Patients;

  b)  HCSC's instructing Patients to present such identification cards to

medical providers so as to give assurances to those medical providers that such

care would be paid for;

  c)  STANFORD communicating with HCSC to ask for authorization to

render medical care to Patients and HCSC issuing authorization to STANFORD

for treatment for that care;

  d)  HCSC communicating to STANFORD the medical eligibility benefits

for Patients without advising STANFORD that HCSC would not make full

payment of the usual and customary value of the services to be provided to

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

Patients;

e) HCSC sending written approval to STANFORD for the specified

medical services for Patients;

f) HCSC requesting that STANFORD send HCSC clinical information

and medical records.

56.    In addition, prior course of conduct by HCSC included STANFORD

submitting claims to HCSC and in response, HCSC would properly pay the usual

and customary value of those claims.  Over the last five (5) years, STANFORD

have billed numerous claims and HCSC has satisfactorily paid on a number of

claims submitted by STANFORD in the near identical manner and method as the

facts alleged herein.

57.    In addition, HCSC pre-verified Patients' coverage and eligibility and

authorized the treatments.

58.    HCSC's authorizations for the treatments were implied requests to

STANFORD to perform those services on behalf of Patients.

59.    STANFORD rendered such treatments after the implied requests for

such services by HCSC and STANFORD intended those services to benefit,

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

among others, HCSC.

60.     HCSC directly and deliberately benefited from those services by
prompting, through its words and prior and ongoing conduct, and through the
custom and practice in the healthcare industry, that STANFORD perform those
services on Patients who were beneficiaries of HCSC, thus fulfilling HCSC's
obligation to secure medically necessary healthcare for its beneficiaries.  When
Patients received those services, the express insurance coverage agreement made
between HCSC and Patients was satisfied and HCSC was able to retain rightfully
the premiums paid on behalf of Patients for enabling Patients to receive the
medical care performed by STANFORD.  Further STANFORD directly conferred
a benefit upon HCSC because it allowed HCSC to make good on promises made to
HCSC's members/beneficiaries to arrange for them to receive timely medical care
at a first-rate medical facility.

61.     STANFORD provided medically necessary care to the HCSC
beneficiaries as described above.

62.     STANFORD properly billed HCSC for the medically necessary
services provided to Patients as listed in Ex. A.

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

63.     STANFORD is informed and believes and alleges thereon that HCSC expressly instructed its beneficiaries (including Patients) to seek medical care in an emergency from the nearest medical provider and for such beneficiaries to tell the emergency medical provider to send HCSC the bills for such care for payment by HCSC (except for co-payments, deductibles and co-insurance amounts, if any).

64.     After STANFORD rendered the care specified in Ex. A to Patients, STANFORD properly and timely billed HCSC for such care.

65.     The reasonable value of the medical care provided was and is the usual and customary charges of those services, that is the total billed charges in the bills submitted to HCSC by STANFORD for $23,858,391.21. HCSC paid only $3,768,166.90, leaving a deficit of $20,090,224.31 owed to STANFORD.

66.     Despite demands thereon, HCSC has refused to pay fully STANFORD for the medical care rendered to Patients as set forth in Exhibit A.

67.     STANFORD did not perform these services gratuitously, but rather expected to be paid the reasonable and customary value for such services which amounts to $23,858,391.21.

68.     HCSC unjustly benefitted by not paying fully STANFORD for the

---

Firm ID. #62848

reasonable value of such services. HCSC promised its beneficiaries (including

Patients) that it would pay medical providers who provided emergency and

necessary medical treatment to those beneficiaries in exchange for Patients'

premiums, collected such premiums and then refused despite demands to fully and

properly pay STANFORD the reasonable and customary value of the medical care

rendered to HCSC's beneficiaries as specified in Ex. A. HCSC accepted the

services STANFORD provided to Patients as demonstrated by acts including but

not exclusive to issuing authorizations and collection of premiums.

69.     As a direct and proximate result of HCSC's misconduct, STANFORD

has suffered damages in an amount to be proven at trial but not less than the sum of

$20,090,224.31, exclusive of interest.

70.     WHEREFORE, STANFORD prays this Court enter judgment in its

favor and against HCSC as follows:

a) For the principal sum of $20,090,224.31;

b) For interest on such principal sum at the rate of 9% per annum,

pursuant to 215 ILCS 5/368(a)(c) and 815 ILCS 205/4, or in the alternative, for

interest on such principal sum at the rate of 5% per annum, pursuant to 815

* 5 0 2 9 3 8 0 1 *

Firm ID. #62848

ILCS 205/2;

c) For court costs and reasonable attorney's fees as provided in 215 ILCS 5/155, and/or a sum not in excess of 60% of the recovery as provided for in 215 ILCS 5/155(a), and;

d) For such other and further relief as the Court deems just and proper.

Dated: 5/8/2023                     Respectfully submitted,

                                    LAW OFFICES OF STEPHENSON,
                                    ACQUISTO & COLMAN, INC.

                    By:    /s/
                           One of the Attorneys for Plaintiff
                           STANFORD HEALTH CARE

Marcus R. Morrow, Esq., ARDC #6317812
Kenneth J. Dusold, Esq., ARDC #6320561
Mallory B. McTarnaghan, Esq., ARDC #6338777
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC. (62848)
20 N. Clark St., Suite 3300
Chicago, IL 60602
Phone: (312)-626-1870
Fax: (818)-559-5484
mmorrow@sacfirm.com
kdusold@sacfirm.com
mmctarnaghan@sacfirm.com



FILED
5/8/2023 5:16 PM
COOK COUNTY, IL

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS BLUE SHIELD PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Patient ID | Provider Name | Total Charges | Approved Amount Calendar IC 2268 Select | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000067210557 | 6/3/2020 | 6/3/2020 | HPU000865990 | STANFORD HEALTH CARE | $20,508.76 | $11,880.17 | $0.00 | $11,880.17 | $20,508.76 |
| 2 | 050001599175 | 2/22/2021 | 3/1/2021 | LCB854482060 | STANFORD HEALTH CARE | $586,973.74 | $165,783.99 | $0.00 | $165,783.99 | $586,973.74 |
| 3 | 050000770896 | 11/25/2020 | 12/4/2020 | AMR039072014 | STANFORD HEALTH CARE | $597,520.68 | $313,817.86 | $123,680.00 | $190,137.86 | $473,840.68 |
| 4 | 000067831146 | 10/16/2020 | 10/16/2020 | XDP952W06077 | STANFORD HEALTH CARE | $133,121.92 | $133,121.92 | $1,905.46 | $131,216.46 | $131,216.46 |
| 5 | 050006401000 | 6/24/2022 | 6/24/2022 | CA1103A53980 | STANFORD HEALTH CARE | $749,768.70 | $58,871.65 | $57,246.00 | $1,625.65 | $692,522.70 |
| 6 | 000064931486 | 7/12/2019 | 7/12/2019 | AU.840610200 | STANFORD HEALTH CARE | $15,514.45 | $9,061.02 | $7,404.14 | $1,656.88 | $8,110.31 |
| 7 | 050003042197 | 6/24/2021 | 6/24/2021 | MMU825566527 | STANFORD HEALTH CARE | $15,889.00 | $9,014.44 | $225.46 | $8,788.98 | $15,663.54 |
| 8 | 050000131770 | 9/28/2020 | 9/28/2020 | ADE826815132 | STANFORD HEALTH CARE | 20,384.77 | $11,680.08 | $9,864.27 | $1,815.81 | $10,520.50 |
| 9 | 050000161432 | 10/12/2020 | 10/12/2020 | XQR827945739 | STANFORD HEALTH CARE | $35,737.40 | $17,741.45 | $0.00 | $17,741.45 | $35,737.40 |
| 10 | 000073275316 | 12/5/2020 | 12/6/2020 | ADE831300626 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $80,993.60 | $27,562.12 | $0.00 | $27,562.12 | $80,993.60 |
| 11 | 050000097700 | 9/23/2020 | 9/26/2020 | TEA806396022 | STANFORD HEALTH CARE | $387,425.27 | $295,039.21 | $0.00 | $295,039.21 | $387,425.27 |
| 12 | 000072300411 | 3/7/2019 | 3/7/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $65,722.40 | $25,584.10 | $9,195.07 | $16,389.03 | $56,527.33 |
| 13 | 000072334472 | 3/29/2019 | 3/29/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $90,375.80 | 25,584.10 | $20,885.07 | $4,699.03 | $69,490.73 |
| 14 | 000072405292 | 5/24/2019 | 5/24/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $108,950.70 | $25,584.13 | $32,171.07 | ($6,586.94) | $76,779.63 |
| 15 | 000072437076 | 6/21/2019 | 6/21/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $98,473.70 | $46,945.09 | $25,944.55 | $21,000.54 | $72,529.15 |

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
dge: Calendar, I



LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Patient ID | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary |
|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 000072348145 | 4/26/2019 | 4/26/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDREN'S HOSPITAL | $92,945.60 | $25,584.60 | $22,528.65 | $3,055.42 | $70,416.95 |
| 17 | 000072437211 | 7/19/2019 | 7/19/2019 | UAG823720945 | LUCILE SALTER PACKARD CHILDRENS HOSPITAL | $97,926.50 | $25,584.08 | $25,577.23 | $6.85 | $72,349.27 |
| 18 | 000293708410 | 7/22/2020 | 7/25/2020 | ULF836956660 | STANFORD HEALTH CARE- PROFESSIONAL | $48,644.00 | $46,556.48 | $1,592.48 | $44,964.00 | $47,051.52 |
| 19 | 000067258637 | 6/1/2020 | 7/6/2020 | HPU000943349 | STANFORD HEALTH CARE | $2,310,569.24 | $1,194,332.70 | $0.00 | $1,194,332.70 | $2,310,569.24 |
| 20 | 000066552030 | 6/30/2020 | 6/30/2020 | NEI801061795 | STANFORD HEALTH CARE | $15,311.58 | $8,889.03 | $7,158.94 | $1,730.09 | $8,152.64 |
| 21 | 050003350513 | 7/31/2021 | 9/1/2021 | PAS825998365 | STANFORD HEALTH CARE | $4,555,659.06 | $470,053.46 | $0.00 | $470,053.46 | $4,555,659.06 |
| 22 | 050005167049 | 1/24/2022 | 2/2/2022 | AYC841483786 | STANFORD HEALTH CARE | $698,510.17 | $329,207.84 | $321,667.74 | $7,540.10 | $376,842.43 |
| 23 | 050004079188 | 10/14/2021 | 10/18/2021 | W4F831102474 | STANFORD HEALTH CARE | $65,563.96 | $65,673.96 | $0.00 | $65,673.96 | $65,563.96 |
| 24 | 050003259397 | 7/20/2021 | 7/22/2021 | W4F830849669 | STANFORD HEALTH CARE | $46,655.53 | $12,272.00 | $0.00 | $12,272.00 | $46,655.53 |
| 25 | 050000516695 | 11/3/2020 | 11/7/2020 | H7P740959571 | STANFORD HEALTH CARE | $159,380.92 | $49,088.00 | $0.00 | $49,088.00 | $159,380.92 |
| 26 | 000066677489 | 3/5/2020 | 3/5/2020 | UAL834152202 | STANFORD HEALTH CARE | $20,625.39 | $11,748.06 | $171.74 | $11,576.32 | $20,453.65 |
| 27 | 050000325123 | 10/7/2020 | 10/18/2020 | L3C831050459 | STANFORD HEALTH CARE | $1,007,950.04 | $411,001.00 | $292,402.00 | $118,599.00 | $715,548.04 |
| 28 | 000067085848 | 7/16/2020 | 7/16/2020 | SFZ846517753 | STANFORD HEALTH CARE | $22,749.98 | $11,350.20 | $5,658.37 | $5,691.83 | $17,091.61 |
| 29 | 050001429005 | 2/25/2021 | 4/16/2021 | SFZ846517753 | STANFORD HEALTH CARE | $3,794,474.04 | $1,801,616.27 | $1,634,025.31 | $167,590.96 | $2,160,448.73 |
| 30 | 050000026813 | 9/2/2020 | 9/2/2020 | BHP835445009 | STANFORD HEALTH CARE | $17,636.00 | $17,636.00 | $0.00 | $7,440.62 | $17,636.00 |
| 31 | 050000956944 | 12/18/2020 | 12/18/2020 | MXD841337733 | STANFORD HEALTH CARE | $18,944.00 | $10,336.50 | $0.00 | $10,336.50 | $18,944.00 |
| 32 | 161787435 | 2/28/2018 | 2/28/2018 | MOX821652226 | STANFORD HEALTH CARE | $40,805.00 | $16,003.37 | $0.00 | $16,003.37 | $40,805.00 |
| 33 | 050000944832 | 12/21/2020 | 12/21/2020 | KOM827982294 | STANFORD HEALTH CARE | $99,022.28 | $24,856.33 | $12,603.08 | $12,253.25 | $86,419.20 |
| 34 | 050002417211 | 8/24/2021 | 8/24/2021 | PGI835384394 | STANFORD HEALTH CARE | $90,868.73 | $40,466.08 | $0.00 | $40,466.08 | $90,868.73 |

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Patient ID | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary |
|---|---|---|---|---|---|---|---|---|---|---|
| 35 | 050001932934 | 4/1/2021 | 4/2/2021 | W4F830482840 | STANFORD HEALTH CARE | $267,498.66 | $84,241.23 | $58,758.66 | $25,482.57 | $208,740.00 |
| 36 | 000264732100 | 5/15/2019 | 5/15/2019 | NLT821046601 | STANFORD HEALTH CARE- PROFESSIONAL | $14,087.50 | $14,087.50 | $0.00 | $14,087.50 | $14,087.50 |
| 37 | 040000209090 | 6/30/2021 | 7/1/2021 | U3V825734911 | STANFORD HEALTH CARE – TRI-VALLEY | $82,123.98 | $32,192.38 | $31,678.75 | $513.63 | $50,445.23 |
| 38 | 000056439537 | 7/12/2020 | 7/12/2020 | DEF831990340 | STANFORD HEALTH CARE | $23,629.72 | $13,668.33 | $0.00 | $13,668.33 | $23,629.72 |
| 39 | 050001475118 | 3/10/2021 | 3/10/2021 | LEL843842815 | STANFORD HEALTH CARE | $33,264.45 | $11,358.00 | $0.00 | $11,358.00 | $33,264.45 |
| 40 | 000067815929 | 8/27/2020 | 8/27/2020 | UAL835977753 | STANFORD HEALTH CARE | $18,480.00 | $10,790.47 | $0.00 | $10,790.47 | $18,480.00 |
| 41 | 000063370337 | 11/16/2018 | 11/16/2018 | Y1E845062762 | STANFORD HEALTH CARE | $74,897.65 | $26,049.00 | $0.00 | $26,049.00 | $74,897.65 |
| 42 | 000064749297 | 6/25/2019 | 6/25/2019 | DNL824858198 | STANFORD HEALTH CARE | $47,853.00 | $18,551.49 | $10,518.26 | $8,033.23 | $37,334.74 |
| 43 | 050004323109 | 12/13/2021 | 12/15/2021 | LC8889365780 | STANFORD HEALTH CARE | $223,036.80 | $60,718.16 | $0.00 | $60,718.16 | $223,036.80 |
| 44 | 050000718703 | 12/22/2020 | 12/22/2020 | PAS832343129 | STANFORD HEALTH CARE | $33,041.19 | $12,629.16 | $3,762.72 | $8,866.44 | $29,278.47 |
| 45 | 050000598120 | 12/15/2020 | 12/15/2020 | PAS832343129 | STANFORD HEALTH CARE | $33,558.93 | $12,912.58 | $4,062.04 | $8,850.54 | $29,496.89 |
| 46 | 050000718704 | 1/5/2021 | 1/5/2021 | PAS832343129 | STANFORD HEALTH CARE | $33,767.83 | $13,072.35 | $0.00 | $13,072.35 | $33,767.83 |
| 47 | 000067051918 | 4/29/2020 | 4/29/2020 | NCF172M89392 | STANFORD HEALTH CARE | $15,249.51 | $7,080.88 | $0.00 | $7,080.88 | $15,249.51 |
| 48 | 000066160500 | 12/12/2019 | 12/12/2019 | BHP834898241 | STANFORD HEALTH CARE | $10,093.76 | $5,798.85 | $3,822.24 | $1,976.61 | $6,271.52 |
| 49 | 000067328915 | 7/13/2020 | 7/13/2020 | BHP842267404 | STANFORD HEALTH CARE | $43,277.88 | $15,495.06 | $0.00 | $15,495.06 | $43,277.88 |
| 50 | 050000451639 | 11/20/2020 | 11/20/2020 | FJC848250460 | STANFORD HEALTH CARE | $30,339.68 | $15,956.00 | $0.00 | $15,956.00 | $30,339.68 |
| 51 | 000066630365 | 3/4/2020 | 3/4/2020 | UAL824114245 | STANFORD HEALTH CARE | $86,105.71 | $24,948.52 | $7,406.47 | $17,542.05 | $78,699.24 |
| 52 | 000066610666 | 2/26/2020 | 2/26/2020 | UAL824114245 | STANFORD HEALTH CARE | $87,520.71 | $32,864.14 | $7,915.64 | $24,948.50 | $79,605.07 |
| 53 | 050000037603 | 9/23/2020 | 9/23/2020 | ZGP838060120 | STANFORD HEALTH CARE | $183,032.77 | $94,040.23 | $18,196.99 | $75,843.24 | $164,835.78 |
| 54 | 000062002146 | 3/22/2018 | 3/22/2018 | XOF824229100 | STANFORD HEALTH CARE | $16,114.41 | $16,114.41 | $0.00 | $16,114.41 | $16,114.41 |
| 55 | 159372050 | 1/3/2017 | 1/31/2017 | LFM834866385 | STANFORD HEALTH CARE | $220,053.88 | $79,893.35 | $54,474.27 | $25,419.08 | $165,579.61 |





* 5 0 2 9 3 8 0 1 *

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Patient ID | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | 000006430902 | 5/30/2019 | 5/30/2019 | LFM834866385 | STANFORD HEALTH CARE | $44,977.60 | $14,733.89 | $8,836.32 | $5,897.57 | $36,141.28 |
| 57 | 000007792837 | 9/25/2020 | 9/25/2020 | ADEB24445202 | STANFORD HEALTH CARE | $16,604.07 | $15,596.00 | $0.00 | $15,596.00 | $16,604.00 |
| 58 | 050001509374 | 2/9/2021 | 2/9/2021 | ADEB28449977 | STANFORD HEALTH CARE | $111,450.00 | $37,886.96 | $0.00 | $37,886.96 | $111,450.00 |
| 59 | 050000694031 | 1/22/2021 | 1/22/2021 | NEIB01086566 | STANFORD HEALTH CARE | $114,622.48 | $40,649.91 | $30,743.31 | $9,906.60 | $83,879.17 |
| 60 | 000065921085 | 2/6/2020 | 2/6/2020 | PASB39225318 | STANFORD HEALTH CARE | $97,895.09 | $32,927.40 | $184.22 | $32,743.18 | $97,710.87 |
| 61 | 000067958160 | 9/9/2020 | 9/9/2020 | NEIB01085175 | STANFORD HEALTH CARE | $20,773.54 | $11,810.86 | $9,995.06 | $1,815.80 | $10,778.48 |
| 62 | 000067602879 | 9/3/2020 | 9/3/2020 | UAL823819425 | STANFORD HEALTH CARE | $126,121.40 | $14,967.54 | $0.00 | $14,967.54 | $126,121.40 |
| 63 | 000067683485 | 7/27/2020 | 7/31/2020 | BPQ827224954 | STANFORD HEALTH CARE | $159,083.16 | $23,290.00 | $0.00 | $23,290.00 | $159,083.16 |
| 64 | 000065722059 | 10/22/2019 | 10/22/2019 | CCM825816222 | STANFORD HEALTH CARE | $15,645.27 | $9,002.66 | $7,272.33 | $1,730.33 | $8,372.94 |
| 65 | 000061888157 | 3/1/2018 | 3/1/2018 | AUL848180902 | STANFORD HEALTH CARE | $16,157.21 | $15,971.88 | $162.88 | $15,809.00 | $15,994.33 |
| 66 | 050000726026 | 11/20/2020 | 12/11/2020 | HPU000866307 | STANFORD HEALTH CARE | $1,643,518.44 | $780,342.56 | $478,443.00 | $301,899.56 | $1,165,075.44 |
| 67 | 050001550095 | 3/3/2021 | 3/4/2021 | GRW825149714 | STANFORD HEALTH CARE | $123,457.59 | $29,903.74 | $0.00 | $29,903.74 | $123,457.59 |
| 68 | 050000910078 | 12/30/2020 | 12/30/2020 | MX0824502253 | STANFORD HEALTH CARE | $32,185.24 | $11,704.01 | $2,097.38 | $9,606.63 | $30,087.86 |
| 69 | 000066809390 | 4/29/2020 | 4/29/2020 | XEA901917569 | STANFORD HEALTH CARE | $31,779.46 | $13,423.09 | $7,148.51 | $6,274.58 | $24,630.95 |
| 70 | 050005107859 | 1/19/2022 | 1/22/2022 | X0F890387307 | STANFORD HEALTH CARE | $102,975.18 | $38,631.00 | $0.00 | $38,631.00 | $102,975.18 |
| 71 | 050000535240 | 10/31/2020 | 11/1/2020 | LCB855082373 | STANFORD HEALTH CARE | $175,700.56 | $143,700.56 | $0.00 | $143,700.56 | $175,700.56 |
| 72 | 050000592745 | 11/11/2020 | 11/11/2020 | VKM826270191 | STANFORD HEALTH CARE | $50,842.72 | $32,355.72 | $0.00 | $32,355.72 | $50,842.72 |
| 73 | 050001070925 | 12/29/2020 | 1/1/2021 | VKM826270191 | STANFORD HEALTH CARE | $106,585.36 | $106,585.36 | $0.00 | $106,585.36 | $106,585.36 |
| 74 | 050002467338 | 5/3/2021 | 5/3/2021 | WAG032929957 | STANFORD HEALTH CARE | $429.00 | $429.00 | $0.00 | $39.00 | $429.00 |
| 75 | 050003079840 | 7/5/2021 | 7/5/2021 | WAG032929957 | STANFORD HEALTH CARE | $429.00 | $429.00 | $0.00 | $39.00 | $429.00 |
| 76 | 050001634262 | 2/27/2021 | 2/27/2021 | WAG032923957 | STANFORD HEALTH CARE | $429.00 | $429.00 | $0.00 | $39.00 | $429.00 |

LUCILE SALTER PACKARD CHILDREN'S HOSPITAL, STANFORD HEALTH CARE, STANFORD HEALTH CARE – TRI-VALLEY, STANFORD HEALTH CARE- PROFESSIONAL V. BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF ILLINOIS PPO, BLUE CROSS BLUE SHIELD OF TEXAS, BLUE CROSS COMMUNITY HEALTH PLAN, BLUECROSS BLUE SHIELD OF NEW MEXICO

FC 28536

| No. | File Number | Admit Date | Discharge Date | Patient ID | Provider Name | Total Charges | Expected Under Anthem BC Contract | Total Paid | Total Outstanding Balance Under Anthem BC Contract | Total Outstanding Balance of Reasonable and Customary |
|---|---|---|---|---|---|---|---|---|---|---|
| 77 | 050002391482 | 4/26/2021 | 4/26/2021 | HPU000866049 | STANFORD HEALTH CARE | $33,753.11 | $16,041.40 | $0.00 | $16,041.40 | $33,753.11 |
| 78 | 000067076121 | 5/3/2020 | 5/3/2020 | PAS83005959 | STANFORD HEALTH CARE | $52,967.93 | $17,154.24 | $0.00 | $17,154.24 | $52,967.93 |
| 79 | 050000512198 | 1/4/2021 | 1/4/2021 | PAS023677004 | STANFORD HEALTH CARE | $206,342.98 | $62,128.07 | $0.00 | $62,128.07 | $206,342.98 |
| 80 | 050001987407 | 4/30/2021 | 5/21/2021 | AMR842506484 | STANFORD HEALTH CARE | $950,585.09 | $451,337.80 | $354,589.40 | $96,748.40 | $595,995.69 |
| 81 | 050001665983 | 4/19/2021 | 4/19/2021 | XOX832044477 | STANFORD HEALTH CARE | $117,429.25 | $37,653.42 | $0.00 | $37,653.42 | $117,429.25 |
| 82 | 000305268640 | 12/1/2020 | 12/4/2020 | PAS82674317 | STANFORD HEALTH CARE - PROFESSIONAL | $34,168.55 | $31,871.24 | $0.00 | $31,871.24 | $34,168.55 |
| 83 | 050000651386 | 11/12/2020 | 11/24/2020 | TPV832545748 | STANFORD HEALTH CARE | $878,873.59 | $98,409.07 | $0.00 | $98,409.07 | $878,873.59 |
| 84 | 000062131861 | 4/20/2018 | 4/20/2018 | UPT838476614 | STANFORD HEALTH CARE | $28,362.00 | $28,362.00 | $0.00 | $28,362.00 | $28,362.00 |
| 85 | 050000549918 | 11/24/2020 | 11/24/2020 | ADM820346747 | STANFORD HEALTH CARE | $33,242.12 | $11,358.00 | $0.00 | $11,358.00 | $33,242.12 |
| 86 | 000067860311 | 11/5/2020 | 11/5/2020 | TUX829796465 | STANFORD HEALTH CARE | $30,736.55 | $11,358.00 | $0.00 | $11,358.00 | $30,736.55 |
| 87 | 050006553726 | 2/13/2020 | 2/13/2020 | mxd626824401 | STANFORD HEALTH CARE | $16,797.96 | $9,669.71 | $7,959.62 | $1,730.09 | $8,838.34 |
| 88 | 000067776960 | 8/14/2020 | 8/14/2020 | KJH821076738 | STANFORD HEALTH CARE | $15,878.52 | $9,081.69 | $7,351.59 | $1,730.10 | $8,526.93 |
| 89 | 050006595981 | 11/19/2019 | 11/19/2019 | SKL835352688 | STANFORD HEALTH CARE | $18,720.00 | $8,298.97 | $0.00 | $8,298.97 | $18,720.00 |
| 90 | 050001886364 | 6/9/2021 | 6/9/2021 | PKA832246249 | STANFORD HEALTH CARE | $77,008.58 | $18,197.00 | $0.00 | $18,197.00 | $77,008.58 |
| 91 | 050000338706 | 10/20/2020 | 10/20/2020 | TMQ832758725 | STANFORD HEALTH CARE | $251,030.00 | $22,333.99 | $19,429.99 | $2,904.00 | $231,600.01 |
| 92 | 050000004424 | 9/30/2020 | 9/30/2020 | UAL840988895 | STANFORD HEALTH CARE | $89,941.99 | $56,541.11 | $0.00 | $56,541.11 | $89,941.99 |
| 93 | 000066188450 | 12/18/2019 | 12/18/2019 | A6O828628108 | STANFORD HEALTH CARE | $153,077.67 | $57,799.27 | $19,592.87 | $38,206.40 | $133,484.80 |
| 94 | 050000370671 | 1/5/2021 | 1/5/2021 | PAS824025754 | STANFORD HEALTH CARE | $89,183.02 | $31,286.02 | $1,857.75 | $29,428.27 | $87,325.27 |
| | | | | | | $23,858,391.21 | $8,694,294.61 | $3,768,166.90 | $4,926,127.71 | $20,090,224.31 |

