**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Stanford Health Care, <br><br> Plaintiff, <br><br> v. <br><br> Health Care Service Corporation, doing business as Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas, <br><br> Defendant. | Case No. 23-cv-4744 <br><br> Judge Joan B. Gottschall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stanford Health Care ("Stanford"), a not-for-profit medical services provider in California, moves to remand this suit to the state court from which it was removed, arguing that this court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. §§ 1331, 1447(c). To resolve Stanford's motion, the court must decide whether the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., completely preempts Stanford's state law breach of contract and quantum meruit claims under the two-step test set out in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

## Background

Stanford initiated this suit against Health Care Service Corporation ("HCSC"), doing business as Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas, in the Circuit Court of Cook County, Illinois.[1] In its first amended complaint ("FAC"), Stanford alleges that it submitted 95 claims for medically necessary treatment provided between January 3, 2017, and June 24, 2022, to individuals who were enrolled in, or beneficiaries of, medical insurance plans sponsored or administered by HCSC. FAC ¶¶ 11–12, 14. Stanford further alleges that a contract dated September 8, 2014, with a non-party, Anthem Blue Cross ("Anthem"), doing business as Blue Cross of California, obligated Stanford to provide these

---

1  Stanford also names as defendants 25 "John Doe" defendants alleged to be agents of HCSC. *See* First Am. Compl. ("FAC") ¶¶ 6, 8, ECF No. 1-2.

medical services. FAC ¶ 26. "Specifically, the Contract obligated STANFORD to medically treat individuals belonging to health plans financed, sponsored, and/or administered by member companies belonging to the national Blue Cross Blue Shield Association of which HCSC is" a member. *Id*. The contract also required Stanford "to accept as payment in full monies received from Blue Cross Blue Shield Association member companies (such as HCSC) that were made at the discounted rates found within the Contract." FAC ¶ 27.

Despite being called discounted rates, the rates set by the 2014 Anthem contract appear to be higher than those Stanford was later paid. "STANFORD'S usual and customary charges for the medically necessary services, supplies and/or equipment rendered to Patients amounted to $23,858,391.21." FAC ¶ 16. To date, HCSC has paid $3,768,166.90. FAC ¶ 18. According to the FAC, at the discounted rates set by the 2014 Anthem contract, "HCSC should have paid an aggregate amount of $8,694,294.61." FAC ¶ 33.

In Count I, Stanford brings a breach of implied contract claim seeking the difference between this figure and the amount HCSC has paid: specifically, $4,926,127.71. FAC ¶¶ 33–47. Among other things, Stanford alleges that over the past five years HCSC has repeatedly paid claims for similar services at the rates set forth in the 2014 Anthem contract. *See* FAC ¶ 39. In Count II, Stanford pleads an alternative claim for quantum meruit seeking to recover the difference between the amount HCSC has paid and the $23.8 million alleged to be the usual and customary cost of the services at issue. *See* FAC ¶¶ 49–70. "Quantum meruit is a quasi-contract doctrine that allows the Court to imply the existence of a contract in order to prevent injustice." *Langone v. Miller*, 631 F. Supp. 2d 1067, 1071 (N.D. Ill. 2009) (citing *Hayes Mech., Inc. v. First Indus., L.P.*, 812 N.E.2d 419, 426 (Ill. App. Ct. 1st Dist. 2004)).

HCSC removed the case from state court, alleging that this court has federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal 1–2, ECF No. 1. Although the FAC's two counts arise under state law, HCSC contends that ERISA completely preempts them. *Id*. Stanford has filed a motion to remand disputing HCSC's position on complete preemption, and

HCSC has responded. Mot. to Remand, ECF No. 26; Resp., ECF No. 33. Stanford's deadline to reply has come and gone, and nothing has been filed.

## Analysis

With certain exceptions not applicable here, a defendant may remove a case from state to federal court in accordance with 28 U.S.C. § 1441(a) if the federal district court would have "original jurisdiction" over it. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). As the party seeking a federal forum, the removing defendant "bears the burden of showing the existence of federal jurisdiction." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019) (citing *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)).

The federal question statute, on which HCSC relies, vests federal district courts with subject matter jurisdiction over civil suits "arising under" federal law. 28 U.S.C. § 1331. Courts use the well-pleaded complaint rule to determine whether a claim arises under federal law for purposes of § 1331. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800–01 (7th Cir. 2013). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (brackets omitted) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

This case concerns "an exception 'when a federal statute wholly displaces the state-law cause of action through complete preemption.'" *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017) (brackets omitted) (quoting *Davila*, 542 U.S. at 207). "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008). Thus, if the removing defendant can show complete preemption, the case may be removed under

the federal question statute "because the state law claim, 'even if pleaded in terms of state law, is in reality based on federal law.'" *Studer*, 867 F.3d at 723 (quoting *Davila*, 542 U.S. at 208).

"The ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Franciscan Skemp Healthcare*, 538 F.3d at 596 (brackets omitted) (quoting *Davila*, 542 U.S. at 209). *Davila* establishes a two-step test used to decide whether ERISA completely preempts a state law claim. *Studer*, 867 F.3d at 724. "[A] state-law claim is completely preempted (1) 'if an individual, at some point in time, could have brought his claim under' ERISA's expansive civil enforcement mechanism—ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)—and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id*. (quoting *Davila*, 542 U.S. at 210).

To determine whether Stanford could have brought its state law claims under ERISA, the court begins with the text of ERISA's civil enforcement provision in § 502(a)(1)(B). That provision authorizes a plan "participant or beneficiary" to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Stanford leads with its argument that it is not suing to recover benefits due under the plan, to enforce plan rights, or to determine rights to future benefits under the plan's terms. Stanford maintains that it is bringing non-preempted "rate claims" as a provider of medical services rather than as a plan participant or beneficiary. *See* Mot. to Remand 7–10.

Stanford relies primarily on the Seventh Circuit's decision in *Franciscan Skemp Healthcare*. *See id*. There, a healthcare provider, Franciscan Skemp, sued a health insurance plan governed by ERISA, alleging claims under Wisconsin law of negligent misrepresentation and estoppel. 538 F.3d at 596. Franciscan Skemp alleged that, before providing treatment, it called the plan to verify that a potential patient (Romine) would be covered for certain services. *Id*. A plan representative verbally assured Franciscan Skemp that Romine would be covered.

4

*See id*. The plan later denied coverage because Romine had not made required payments. *Id*. Franciscan Skemp filed suit against the plan in state court, and the plan removed the case to federal court, arguing that ERISA completely preempted the plan's negligent misrepresentation and estoppel claims. *See id*.

Applying the two-step *Davila* test, the Seventh Circuit held that ERISA did not completely preempt Franciscan Skemp's claims. *Id*. at 597–601. At step one, the district court had ruled that "the gravamen of plaintiff's cause of action is a desire to recover benefits it believes are due to it under the terms of the Plan." *Id*. at 597. The Seventh Circuit disagreed in part because Franciscan Skemp admitted that Romine was not entitled to benefits, and "Franciscan Skemp is basing its claims on a conversation to which Romine was not even a party. . . . Franciscan Skemp is seeking damages arising from alleged misrepresentations made by Central States to Franciscan Skemp in response to its inquiry—a wrong not within § 502's scope." *Id*. at 598. The Seventh Circuit also held that the second *Davila* step—whether the defendant's actions implicate an independent legal duty—disfavored preemption because, under Wisconsin law, "the relevant legal duties, logically implicated by these facts, are entirely independent from ERISA and any plan terms." *Id*. at 599. In the conclusion of its opinion, the Seventh Circuit summarized its reasons for holding that Franciscan Skemp's claims were not preempted this way:

> Franciscan Skemp is not bringing these claims as a beneficiary, nor is it standing in the shoes of a beneficiary. It is not arguing about plan terms. It is not seeking to recover plan benefits and even acknowledges that under the plan Romine is entitled to nothing. Franciscan Skemp is bringing state-law claims based on the alleged shortcomings in the communications between it and Central States. There are no grounds for removal. This case belongs in state court.

*Franciscan Skemp Healthcare*, 538 F.3d at 601.

Turning to the claims asserted in the case at bar, federal district courts across the country have reached differing results when analyzing breach of implied contract and quantum meruit claims brought by healthcare providers disputing the rates of remuneration for services. *Compare, e.g.*, *Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2021 WL

4437166, at *9–10 (S.D.N.Y. Sept. 28, 2021), and *Sheridan Healthcorp., Inc. v. Neighborhood Health P'ship, Inc.*, 459 F. Supp. 2d 1269, 1272–73 (S.D. Fla. 2006) (holding that ERISA did not completely preempt breach of implied contract claims), with *John Muir Health v. Health Care Serv. Corp.*, 2023 WL 4707430, at *3–4 (N.D. Ill. July 24, 2023) (Seeger, J.), and *Emergency Grp. of Ariz. P.C. v. United Healthcare Inc.* (*Emergency Grp. of Ariz. I*), 448 F. Supp. 3d 1077, 1086 (D. Ariz. 2020) (holding that ERISA preempted breach of implied contract claim); *see also ACS Primary Care Physicians Sw., P.A. v. United Healthcare Ins. Co.*, 479 F. Supp. 3d 366, 373 (S.D. Tex. 2020) (collecting additional cases reaching differing conclusions on preemption). The parties cite no appellate case law directly on point, but the Ninth Circuit recently held that ERISA did not completely preempt a healthcare provider's breach of implied-in-fact contract and quantum meruit claims against a healthcare plan in *Emergency Group of Arizona Professional Corp. v. United Healthcare, Inc.* (*Emergency Grp. of Ariz. II*), 838 F. App'x 299, 300 (9th Cir. 2021).

      Like Stanford, the plaintiffs in *Emergency Group of Arizona II* brought state claims in state court "challenging United's rate of reimbursement for services provided to its insureds," and the plan removed the case to federal court. *Id*. at 300. Similar to the claims in Stanford's FAC, the plaintiffs asserted claims "arising under an implied-in-fact contract [and, among others, unjust enrichment] based on a course of dealing between the parties." *Id*. at 300; *Emergency Grp. of Ariz. I*, 448 F. Supp. 3d at 1080. The Ninth Circuit found it necessary to analyze only the second *Davila* prong. *See* 838 F. App'x at 300. The Ninth Circuit held that ERISA did not preempt the plaintiffs' claims because the "alleged legal duties [created by the implied-in-fact contract] 'would exist whether or not an ERISA plan existed' and thus are independent from the legal obligations imposed by the ERISA plans." *Id*. (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). Because ERISA did not completely preempt the plaintiffs' claims, the Ninth Circuit sent the case back to the district court with instructions to remand it to state court for lack of federal subject matter jurisdiction. *Id*. at 301. As far as this court's research has revealed, the Ninth Circuit's decision in *Emergency Group of*

6

*Arizona II* is the only appellate decision applying the *Davila* test to breach of implied contract and quantum meruit claims brought by a healthcare provider against a health insurance plan concerning the rates of remuneration for medical services.

In *Franciscan Skemp Healthcare*, the Seventh Circuit focused on whether the plaintiff's state law claims put a participant's eligibility for benefits or the plan's terms "at issue." 538 F.3d at 599 (quoting *Hospice of Metro Denver v. Grp. Health Ins. of Okla., Inc.*, 944 F.2d 752, 754 (10th Cir. 1991)). District courts that have found no complete preemption reason that breach of implied contract and quantum meruit claims like those at issue here do not put the plan at issue: "in cases of both implied-in-fact contracts and express contracts, there is no need to interpret an ERISA plan because the rate to be paid is external from the ERISA plan." *ACS Primary Care Physicians*, 479 F. Supp. 3d at 373. The Ninth Circuit employed similar reasoning to hold that there was no complete preemption, explaining that an implied-in-fact contract creates independently enforceable legal duties that do not put the plan at issue. *See Emergency Grp. of Ariz. II*, 838 F. App'x at 300 (citations omitted). Because it accords with the Seventh Circuit's preemption analysis in *Franciscan Skemp Healthcare*, this court finds persuasive and adopts the reasoning of the Ninth Circuit and district courts that have found no complete preemption.

Stanford's breach of implied contract and quantum meruit claims take each patient's eligibility as a given and do not call upon the court to construe or apply plan provisions. *See* FAC Ex. A, ECF No. 1-2. HCSC does not dispute each claimant's eligibility for plan benefits.[2] So Stanford's claims "are about the 'amount of payment,' not the 'right to payment,' and so not subject to preemption." *Emergency Physicians Servs. of N.Y.*, 2021 WL 4437166, at *10 (citing *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 331 (2d Cir. 2011)); *see also ACS Primary Care Physicians*, 479 F. Supp. 3d at 373–74. Accordingly, the court concludes that

---

2   The parties devote considerable attention to the question of whether some, but not all, plans covering the various claims at issue here contain anti-assignment clauses that would prevent Stanford from bringing a claim under § 502(a)(1)(B) of ERISA. *See, e.g.*, Mot. to Remand 10–16; Resp. 7–10. The court need not and does not address these arguments or the question of whether it would have supplemental jurisdiction over any claims not subject to removal due to an anti-assignment clause.

Stanford's claims are not completely preempted because Stanford is not bringing its state law claims "as a beneficiary, nor is it standing in the shoes of a beneficiary. It is not arguing about plan terms. It is not seeking to recover plan benefits." *Franciscan Skemp Healthcare*, 538 F.3d at 600. Accordingly, there are no grounds for removal.

For the reasons stated, Stanford's motion to remand is granted. As required by 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Cook County, Illinois, for lack of subject matter jurisdiction.

Dated: November 1, 2023                     /s/ Joan B. Gottschall
                                                               United States District Judge